Argued and submitted July 7, affirmed November 12, 1986

In the Matter of Richard Peterson,
D.C., P.C., as to whether this entity
is an "employer" under ORS 657.025.

PETERSON,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(85-T-059; CA A37858)

728 P2d 95

James J. Macafee, Salem, argued the cause and filed the brief for petitioner.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr.,

Solicitor General, and Victoria Rudometkin, Certified Law Clerk, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner seeks review of an Employment Division determination that the professional corporation is an "employer" for purposes of employment taxes. We affirm.

The facts are undisputed. Dr. Peterson was a licensed chiropractor engaged in private practice. In 1981, he incorporated petitioner as a professional corporation. Since that time, Peterson has remained the business' sole owner-operator, director and shareholder. At the hearing, he acknowledged that he has received in excess of $250[1] from the business per quarter.

ORS 657.025 provides:

"(1)   As used in this chapter, unless the context requires otherwise, 'employer' means any employing unit which employs one or more individuals in an employment subject to this chapter in each of 18 separate weeks during any calendar year, or in which its total payroll during any calendar quarter amounts to $225 or more."

"Employing unit" means "[a]ny * * * corporation * * * who has or had in its employ one or more individuals performing services for it within this state." ORS 657.020(1)(a). An "employe" is "any person * * * employed for remuneration or under any contract of hire, written or oral, express or implied, by an employer subject to this chapter in an employment subject to this chapter." ORS 657.015. For purposes of chapter 657, "employment" is "service for an employer * * * performed for remuneration or under any contract of hire, written or oral, express or implied." ORS 657.030(1). ORS 657.030(1) is subject to certain exceptions, which are not at issue here.

Petitioner argues that it is not an "employer" under the statute because, in fact, the corporation and the individual are one, with the same financial interests. It contends that the Division's decision is based on the erroneous assumption that the mere fact of incorporation automatically created an employer-employe relationship between the corporation and Peterson and that the Division should have to show that there

---

[1] Although the statute requires a finding that the payroll exceed $225 in a calendar quarter, the referee found that Peterson received in excess of $250. The discrepancy is insignificant.

is at least an implied contractual relationship between two entities in order to find that it meets the statutory definition of "employer."

■　　　Petitioner's arguments are without merit. The purpose of incorporating a business is to create a separate legal and financial entity. Peterson admits to using the corporate entity for tax purposes. It is evident that, at least when it is advantageous to do so, petitioner views itself as an economic entity separate from Peterson the individual.

■■　　The mere act of incorporating, alone, does not automatically create an employer-employe relationship for purposes of ORS chapter 657.[2] The statute requires an inquiry into whether an entity employs anyone for remuneration *or* under any contract and whether the payroll in any calendar quarter amounts to $225 or more. Thus, when Peterson received remuneration in excess of $225 in a quarter, it was not necessary for the Division to show that he was employed under a contract.[3]

　　　　Affirmed.

---

[2] The parties cite only one case having relatively close facts: *John L. King v. State, Dept. of Employment,* 110 Idaho 312, 715 P2d 982 (1986). The Idaho Supreme Court held that an attorney's incorporation as a professional service corporation did not automatically result in the attorney becoming an employe of the corporation. The corporation had argued that King was not an employe, because he was not engaged in "covered employment." Therefore, the corporation was not required to pay employment security taxes. The discussion about whether King was engaged in an independently established occupation is not relevant to the issue here of whether petitioner and Peterson have separate financial interests and thus are in an employer-employe relationship.

[3] Petitioner's argument that we should recognize an employment tax exemption for corporate owner-operators because such an exemption exists in the workers' compensation laws, ORS 656.027(9), lacks any basis in law or in reason. ORS 657.040 provides the exceptions to the coverage of chapter 657. Petitioner does not argue that he fits into any of the exceptions.