Argued and submitted October 26, 1990, reversed February 13, 1991

Leland WALTUCK,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(89-AB-1413-A; CA A63414)

805 P2d 739

Barbee Lyon and Tonkon, Torp, Galen, Marmaduke & Booth, Portland, filed the briefs for petitioner.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P.J.

## BUTTLER, P. J.

Claimant seeks judicial review of an Employment Appeals Board (EAB) order determining that he is ineligible for unemployment benefits, because he was not unemployed during the weeks in issue. We reverse.

EAB made these findings:

"(1)  The claimant worked 30 years for a steel company owned by his family. (2) He was separated from the company on April 7, 1989, when another business took over the company. (3) During his last six years with the company, he was president and chairman of the board, earning $75,000 per year.

"(4)  After he was separated from the family company, the claimant spent nearly all of the normal business hours in the following five months in an effort to start a new steel company * * *. (5) He looked for a location for the company, for raw materials and equipment, and for new employes. (6) His company was incorporated on July 10, 1989, but his activities on behalf of the company continued as before. (7) He received no salary or loan for his efforts and did not expect later direct reimbursement for his work in setting up the new steel company. (8) The company had no other employes. (9) The claimant anticipates that the company will open on October 2, 1989 and he will then be paid a salary as president.

"(10)  The claimant has not contacted other Portland area steel companies for work because none is large enough to pay a manager a salary equal to his last salary. (11) He also knows many of the officers in the other steel companies and through them, has learned that they have no openings for corporate officers.

"(12)  The claimant claimed benefits for the period from July 9, 1989 through August 26, 1989 (weeks 28 through 34)."

In order to qualify for benefits, a claimant must be unemployed, able to work, available for work and actively seeking and unable to obtain suitable work. ORS 657.155. The only issue on review is whether claimant was unemployed during weeks 28 through 34 within the meaning of ORS 657.100(1) and (2):

"(1)  An individual is deemed 'unemployed' in any week during which the individual performs no services and *with respect to which no remuneration for services performed is paid or payable to the individual,* or in any week of less than

full-time work if the remuneration paid or payable to the individual for services performed during the week is less than the individual's weekly benefit amount.

"(2)   For the purposes of ORS 657.155(1), an individual who performs full-time services in any week for an employing unit is not unemployed *even though remuneration is neither paid nor payable to the individual for the services performed* * * *."[1] (Emphasis supplied.)

Claimant made his original claim for benefits for the period June 4 to July 8, 1989. A referee denied benefits; EAB reversed. Claimant then sought benefits for seven weeks after a certificate of incorporation was issued for the new corporation. The referee denied benefits, and EAB affirmed. With respect to the period after incorporation, the referee found that claimant was available for and actively seeking work but was not unemployed, because he was working full-time for an "employing unit," the corporation. EAB adopted the referee's findings, conclusions and reasons and added:

"Claimant's corporation had one individual, the claimant, performing services for it. Therefore, claimant was performing full-time services for an employing unit and was not unemployed under the provisions of ORS 657.100(2)."

That statement does not fully explain how the Board's findings lead to its conclusion that the corporation was an "employing unit." *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975).

Under ORS 657.020(1)(a), "employing unit" means

"[a]ny individual or type of organization, including any partnership, association, trust, estate, joint stock company, insurance company or corporation, whether domestic or foreign, * * * *who has or had in its employ one or more individuals performing services for it within this state.*" (Emphasis supplied.)

EAB had held that claimant was not performing services for an "employing unit" before the certificate of incorporation

---

[1] ORS 657.155(1) states the eligibility conditions for compensation. There is no contention that claimant did not meet those requirements, except the condition of subsection (e) that he "not [be] disqualified from benefits or ineligible for benefits under any other section of this chapter."

was issued. He continued the same activities after incorporation that he had engaged in before. The corporation was nothing more than a shell, without a place of business, without officers or other employees and without assets. Claimant continued his activities without a salary or any expectation of direct reimbursement for his efforts. The sole distinguishing event that occurred between EAB's decisions was the issuance of a certificate of incorporation. That event does not create an "employing unit," unless the corporation "has or had in its employ one or more individuals performing services for it within the state." ORS 657.020(1)(a); *see Peterson v. Employment Division,* 82 Or App 371, 374, 728 P2d 95 (1986). Here, the corporation did not have, and never had, an employee during the period in question. It was only a potential "employing unit." Accordingly, ORS 657.100(2) is not applicable.

Reversed.