715 P.2d 982

**JOHN L. KING, P.A.,**
Claimant-Appellant,

v.

**STATE of Idaho, DEPARTMENT OF EMPLOYMENT, Respondent.**

No. 15640.

Supreme Court of Idaho.

Feb. 28, 1986.

Robert L. Miller and Anthony G. Hall of Mueleman & Miller, Boise, for claimant-appellant.

Jim Jones, Atty. Gen., Roger T. Martindale, Deputy Atty. Gen., Boise, for respondent.

1985 Opinion No. 166, filed on December 6, 1985, is hereby withdrawn and this opinion is substituted therefor.

BAKES, Justice.

A professional service corporation, John L. King, P.A., appeals a decision of the Industrial Commission holding that services performed by John L. King, an attorney, for the professional service corporation were "covered employment" and therefore subject to employment security tax. The commission's conclusion was based on its finding that Mr. King was an employee of the corporation and thus not engaged in an independent "trade, occupation, profession, or business." I.C. § 72–1316(d)(1). Because we conclude that the commission's finding is flawed by an erroneous legal conclusion, we reverse and remand.

John L. King is an attorney licensed to practice in the State of Idaho. King has practiced law since 1973 in the State of Idaho. In 1982 King incorporated John L. King, P.A., pursuant to Idaho Code, Title 30, chapter 13, the Professional Services Corporation Act. King is the sole shareholder of the corporation and its only officer. With the exception of Mr. King, King, P.A., has no employees. The only assets held by the corporation are an automobile and a month-to-month lease on office space. There is no written agreement between John King as an individual and King, P.A. Mr. King is paid for the legal services he renders on behalf of the professional service corporation out of a corporate checking account, generally on a month-to-month basis. The corporation withholds income taxes and Social Security tax from Mr. King's compensation. The corporation also purchases health and life insurance for Mr. King.

In the summer of 1982, in order to determine the employment security tax liability of King, P.A., Mr. King requested the Department of Employment to determine whether the services he performed for the corporation would be considered "covered employment." The Department of Employment responded to that request on March 9, 1983, wherein it issued a determination concluding that an employer-employee relationship existed, and that moneys paid to Mr. King, in his individual capacity as an attorney, for services rendered to the professional corporation, constituted wages. King, P.A., promptly appealed that determination. An appeals examiner upheld the determination of the Department of Employment. The corporation then appealed to the Industrial Commission.

In its findings and conclusions, the Industrial Commission held that Mr. King was not engaged in an independently established profession. This conclusion was based upon a legal conclusion that, by incorporating under the Professional Services Corporation Act, King became an employee of the corporation.[1]

On appeal, King, P.A., contests the commission's finding that, under the Professional Services Corporation Act, an employer-employee relationship necessarily existed between Mr. King and King, P.A., which precludes his being engaged in an independently established occupation or profession.

## I

■ The Idaho Employment Security Act was enacted to address the problem of economic insecurity resulting from involuntary unemployment. The act provides "for the compulsory setting aside of unemployment reserves to be used for the benefits [sic] of persons unemployed through no fault of their own." I.C. § 72–1302. Under the established system, "covered employers" are required to contribute, by way of a tax on wages paid employees for services ren-

dered in "covered employment," to the unemployment security fund. The act defines "covered employment" as "an individual's entire service ... performed by him for wages *or* under any contract of hire written or oral, express or implied," I.C. § 72–1316(a) (emphasis added). Thus, under subsection (a), the term "covered employment" includes *all* services. Only one exemption to this broad definition of "covered employment" is contained in this section. I.C. § 72–1316(d)(1) exempts the services of a worker who (1) is free from any "right of control" over his work, *and* (2) is engaged "in an independently established trade, occupation, profession, or business." In construing taxing statutes and most remedial social legislation, exemptions from coverage are narrowly construed. *Byrd v. Employment Security Agency,* 86 Idaho 469, 475, 388 P.2d 100, 103 (1964); *In re Gem State Academy Bakery,* 70 Idaho 531, 224 P.2d 529, (1950) (employment security law is social legislation, not revenue statute). *Accord Johns v. S.H. Kress & Co.,* 78 Idaho 544, 307 P.2d 217 (1957). In addition, the history of the statute suggests that this exemption should be narrowly construed. The statute originally provided that only employer-employee relationships at common law constituted "covered employment" under an earlier version of I.C. § 72–1316(d). *See Swayne v. Dept. of Employment,* 93 Idaho 101, 104, 456 P.2d 268, 271, n. 2 (1969). Under the earlier statute, if the service was rendered by a person who "has the status of an independent contractor or (2) ... is not an employee under such common law rules," then it was not "covered employment." The Court in *Swayne* concluded that by eliminating the employer-employee-independent contractor standard, and substituting language similar to the present statute which provided that all services were "covered employment" unless the worker is (1) free from control and (2) engaged in an independently established occupation, the legisla-

---

1. Conclusion of Law No. 1 states in part: "Pursuant to the Professional Services Corporation Act, he is an employee of the corporation. He provides professional services as an attorney on behalf of the corporation. Because Mr. King is engaged in the practice of law on behalf of the corporate entity King, P.A., he is not engaged in an *independently* established profession."

ture broadened the scope of services included within the definition of covered employment. The Court stated that "[u]nder the present version the status of independent contractor is not enough to avoid coverage." *Swayne v. Dept. of Employment,* 93 Idaho at 104, 456 P.2d at 271.

Subsequent to *Swayne,* the statute was again amended to its present wording. Now for an employer to prove that a worker's services are exempt from the broad definition of "covered employment," the employer must show that the worker is not an employee, but is an independent contractor who "[A] has been and will continue to be free from control or direction in the performance of his work, both under his contract of service and in fact, and [B] ... is engaged in an independently established trade, occupation, profession or business." I.C. § 72–1316(d)(1). *Swayne · v. Dept. of Employment, supra.*

## II

■ In the present case, the commission correctly stated that the term "covered employment" is an expansive term. However, the commission erred as a matter of law when it concluded that by incorporating Mr. King *ipso facto* became an employee of the corporation. While it is true that Mr. King is engaged in the practice of law on ·behalf of the corporate entity, King, P.A., the commission's conclusion that "[p]ursuant to the Professional Services Corporation Act, he is an employee of the corporation," is legally erroneous.

The relevant provision of the Professional Services Corporation Act (PSCA) states: "No corporation organized and incorporated under this act may render professional services *except through its offi-*

cers, *employees and agents* who are duly licensed or otherwise legally authorized to render such professional services within this state." I.C. § 30–1305 (emphasis added).

The PSCA clearly contemplates relationships with the corporation outside that of employer-employee, *e.g.,* officer or agent.[2]

Because the commission erred in its interpretation of the PSCA and its subsequent application in the context of the Employment Security Act as it pertains to "covered employment," we reverse its decision and remand for further proceedings consistent with this opinion.

■ By way of guidance on remand, I.C. § 1–205, we note that the commission need not reach the exemption issue if, through further factfinding, it concludes that, based upon substantial evidence, Mr. King (for reasons other than mere incorporation under the PSCA) is nevertheless an employee of King, P.A.[3] If, however, the exemption issue is reached, we note that the practice of law is an independently established profession. In *Department of Employment v. Bake Young Realty,* 98 Idaho 182, 560 P.2d 504 (1977), we held that an occupation (in that case, real estate salesman) which is subject to independent licensing requirements or some other form of independent regulation may, by such objective factors, be an independently established occupation. The practice of law, under the facts of this case as found by the commission, is uniquely an independent profession within the meaning of I.C. § 72–1316(d)(1)(B). The regulation of the practice of law in this state is the sole responsibility of this Court. *In re Edwards,* 45 Idaho 676, 266 P. 665 (1928); *Application of Kaufman,* 69 Idaho 297, 206 P.2d 528 (1949). Therefore, if on remand the commission reaches the exemp-

---

**2.** The term "agent" clearly may include individuals other than employees, one example being an independent contractor.

**3.** Among the factors pertinent to such a determination would be the way the corporation represented its relation to Mr. King prior to this litigation, including representation to the Internal Revenue Service, *i.e.,* has Mr. King incorporated to obtain federal tax benefits available

only if his relation to King, P.A., is one of employer-employee. Indeed, there is some evidence already in the record to suggest that the corporation did consider its relation with Mr. King to be that of employer-employee. That evidence includes statements made in reports to the Department of Employment as well as the fact that, in paying Mr. King, King, P.A., withholds Social Security tax.

tion question, it need only address the "right to control" question raised by I.C. § 72–1316(d)(1)(A).

Reversed and remanded. Costs to appellant.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.