16 P.3d 910

Roseann STEEN, Claimant–Appellant,

v.

DENNY'S RESTAURANT and Idaho People First, Inc., Employers, and Idaho Department of Labor, Defendants–Respondents.

No. 25853.

Supreme Court of Idaho,
Idaho Falls, September 2000 Term.

Dec. 18, 2000.

Roseann Steen, Idaho Falls, appellant, pro se.

Hon. Alan G. Lance, Attorney General, Boise, for respondent Idaho Department of Labor.

Stoel Rives, LLC, Boise, for respondents Denny's Restaurant and Idaho People First, Inc. Gregory C. Tollefson argued.

SILAK, Justice.

## NATURE OF CASE

This is an appeal from an Idaho Industrial Commission (Commission) ruling that the claimant, Roseann Steen, (Steen) is ineligible

for unemployment insurance benefits. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

#### A. Factual Background.

Steen worked as a server at Denny's Restaurant (Denny's) for three-months from November 1998 until February 1999. Steen was terminated after a third disciplinary report was filed for shortages in the cash register used during her shift and her mishandling of a customer's payment by placing it into her apron pocket in violation of company policy. Other servers who had used the cash register also received disciplinary reports. Denny's policy is to discharge an employee after a third violation of the same rule in a six-month period. Steen was not only aware of this policy, but the second disciplinary report she received informed her that the next violation of the rules would result in termination.

#### B. Procedural Background.

Steen filed a claim for unemployment benefits with the Idaho Department of Labor (IDOL). The IDOL determined Steen was discharged for employee misconduct, and denied unemployment benefits pursuant to Idaho Code Section 72-1366(5). Steen appealed this determination to the IDOL Appeals Bureau.

The Appeals Examiner conducted a telephone hearing and reversed the initial eligibility determination, finding Steen was not discharged for employee misconduct, and was eligible for unemployment benefits. Denny's general manager appealed this decision to the Commission. Steen was sent a notice of this appeal.

The Commission reviewed the record and reversed the Appeals Examiner's decision, concluding Steen was discharged for employee misconduct, and was ineligible for unemployment insurance benefits. Steen filed a request for reconsideration, which the Com-

mission denied stating the request provided no basis to reopen the case.

Steen appeals the Commission's decision.

## II.

### ISSUES ON APPEAL

The following issues are presented on appeal:

A. Whether Denny's brief was filed in a timely manner.

B. Whether the Commission erred in granting Denny's appeal.

C. Whether the Commission's ruling is supported by substantial and competent evidence.

## III.

### STANDARD OF REVIEW

■ On appeal from the Industrial Commission, this Court exercises free review of the Commission's legal conclusions, but will not disturb findings of fact if they are supported by substantial and competent evidence. *See* IDAHO CONST. ART. V, § 9; I.C. § 72-732; *Berglund v. Potlatch Corp.*, 129 Idaho 752, 754, 932 P.2d 875, 877 (1996).

## IV.

### ANALYSIS

#### A. Denny's Brief Was Filed In A Timely Manner.

This Court rejects Steen's assertion that Denny's brief, which was filed one day late, was not filed in a timely fashion because Denny's was given an oral extension by the Clerk of the Court to file its brief. The brief was filed within the time allowed by the extension and is therefore timely.

#### B. The Commission Did Not Err In Allowing Denny's Appeal From The Appeals Examiner's Decision.

■ Steen asserts the Commission was without jurisdiction to review the Appeal Examiner's decision because Dawn Thomas (Thomas), who filed the appeal, was not a licensed Idaho attorney. We disagree.

While it is true that an attorney would be required to represent Denny's had a hearing actually been held, one is not required to file a notice of appeal. It is sufficient, under the rules adopted by the Commission, for an officer of the corporation to file an appeal.

Section 72–1368(7) of the Idaho Code provides that "[t]he Commission shall decide all claims for review filed by any interested party in accordance with its own rules of procedure not in conflict herewith." The Commission has the authority to promulgate and adopt reasonable rules and regulations involving judicial matters. *See* I.C. § 72–508. Pursuant to this authority, the Commission adopted the Rules of Appellate Practice and Procedure Under the Idaho Employment Security Law (RAPP). RAPP Rule VIII, entitled "Representation of Parties Before Commission," requires employers who are corporations to be represented by an attorney. This rule is based on decisions of this Court, holding that "representation of another person before a public agency or service commission constitutes the unauthorized practice of law, where the proceedings before those tribunals are held for purposes of adjudicating the legal rights or duties of a party." *Kyle v. Beco Corp.,* 109 Idaho 267, 271, 707 P.2d 378, 382 (1985) (citing *Idaho State Bar Ass'n v. Idaho Pub. Util. Comm'n,* 102 Idaho 672, 676, 637 P.2d 1168, 1172 (1981); *Weston v. Gritman Memorial Hosp.,* 99 Idaho 717, 720, 587 P.2d 1252, 1255 (1978)) (citations omitted).

RAPP Rule VIII and Idaho case law clearly demonstrate that only an attorney licensed to practice law in the state of Idaho can represent a corporation before the Idaho Industrial Commission. However, RAPP Rule VIII also allows a corporate officer to file a notice of appeal with the Commission on behalf of the corporation.

This Court has recognized the right of a corporate officer to appeal to the Commission. In *Kyle,* the Court upheld the Commission's decision that an attorney must represent a corporation, and quoted the Commission's conclusions of law stating, "[t]he Commission could grant that part of Beco Corporation's motion that asks for a rehearing (with the requirement that the

corporation would be represented by an attorney). . . ." 109 Idaho at 271, 707 P.2d at 382. The Court went on to conclude Beco Corporation's president and sole shareholder could not cross-examine witnesses and present closing arguments at a Commission hearing because it would constitute representation, but he could petition the Commission for a rehearing, which is an appeal. *See id.* This holding is in accordance with RAPP Rule VIII(D) that allows for a corporate officer to file a notice of appeal.

To ensure the proper procedure is followed on appeal, the Appeals Examiner includes this statement as part of his or her decision: "TO EMPLOYERS WHO ARE INCORPORATED: If you file an appeal with the Idaho Industrial Commission, the appeal must be signed by an officer or designated representative, *and* the signature must include the individual's title." (emphasis in original).

Here, Denny's appeal to the Commission conformed to the rules, as it was signed by Thomas and indicated her title as general manager. The appeal was accepted by the Commission, which has "sole discretion" to hold an additional hearing or to simply review the record of the Appeals Examiner. *See* I.C. § 72–1368. The Commission determined that "the interests of justice do not require a new hearing" and reviewed the record *de novo.* Since there was no hearing, there was no need to have an attorney represent Denny's.

Accordingly, this Court holds the Commission did not err by allowing Denny's appeal from the Appeals Examiner's decision.

## C. The Commission's Ruling That Steen Was Discharged For Employee Misconduct Is Supported By Substantial And Competent Evidence.

■ The Commission concluded Steen "was discharged for misconduct in connection with employment" and, therefore, was ineligible for unemployment insurance benefits. Steen asserts the Commission's decision was not supported by substantial and competent evidence due to conflicting evidence in the record.

Section 72–1366(5) of the Idaho Code provides that a claimant is ineligible for unemployment insurance benefits if he or she is discharged for misconduct in connection with employment. *See Smith v. Zero Defects, Inc.*, 132 Idaho 881, 884, 980 P.2d 545, 548 (1999). This Court has defined misconduct in connection with employment as:

(1) a willful, intentional disregard of the employer's interest; (2) a deliberate violation of the employer's rules; or (3) a disregard of the standards of behavior which the employer has a right to expect of its employees.

*Quinn v. J.R. Simplot Co.*, 131 Idaho 318, 321, 955 P.2d 1097, 1100 (1998) (citations omitted).

Whether an employee's behavior constitutes misconduct is a factual determination that this Court will not disturb solely on the basis of conflicting evidence. *See Pimley v. Best Values, Inc.*, 132 Idaho 432, 434–35, 974 P.2d 78, 80–81 (1999). We will disturb the Commission's findings of fact only where they are not supported by substantial and competent, even if conflicting, evidence. *See Teevan v. Office of the Attorney Gen.*, 130 Idaho 79, 82, 936 P.2d 1321, 1324 (1997). In *Idaho State Ins. Fund v. Hunnicutt*, 110 Idaho 257, 715 P.2d 927 (1985), this Court described the appropriate test for substantial and competent evidence for the purposes of judicial review of an administrative agency's action as follows:

The "substantial evidence rule" is said to be a "middle position" which precludes a *de novo* hearing but which nonetheless requires a serious review which goes beyond the mere ascertainment of procedural regularity. Such a review requires more than a mere "scintilla" of evidence in support of the agency's determination, though "something less than the weight of the evidence." "Put simply," . . . "the substantial [competent] evidence rule requires a court to determine 'whether [the agency's] findings of fact are reasonable.'"

110 Idaho at 260, 715 P.2d at 930 (citations omitted).

In this case, the conflicting evidence involves a discrepancy regarding the dates on the disciplinary action reports. The first three disciplinary reports were issued as follows:

1) February 4, 1999 warning for a $15.04 shortage in the till;

2) February 5, 1999 warning for a $20.00 shortage in the till, informed the next instance would result in termination;

3) February 6, 1999 warning given for smelling of alcohol after returning from restroom and informed the next instance will result in termination.

Each of these reports was filled out and signed by the manager on the date the incident occurred, however, all three reports were not signed by Steen until February 9, 1999.

The final disciplinary report terminating Steen's employment was issued on February 15, 1999 for a shortage in the till and mishandling of a customer's payment. During oral argument, Steen questioned this final report's inconsistencies between the dates when the till was short, when Steen worked, and when the final disciplinary action report was filed. The report is a form filled out by the manager on duty at the time of the incident. The form includes a blank to insert the date of incident. In this final report, the manager wrote the date of the incident as February 15, 1999 and then signed the bottom of the form and again dated it February 15, 1999. However, in the summary of incident section of the form, the manager wrote the cash drawer from the graveyard shift on February 14, 1999 was short $20.00. Steen claims she did not work on February 14, 1999. Steen wrote in her claim for unemployment insurance benefits that she worked two shifts on February 15, 1999 from 7:00 a.m. to 1:00 p.m. and again at 10:00 p.m. until 2:00 a.m. on February 16, 1999.

Although it appears there is a dispute regarding the dates, this Court is not a fact-finding body, and it is inappropriate for us to resolve this dispute. This Court's decision is limited by the standard of review applicable to Industrial Commission decisions stated above. Given that standard, the discrepancies in this case are insufficient to reverse the Commission's decision denying unemployment benefits to Steen because substan-

tial and competent evidence exists to support the Commission's findings absent these discrepancies. Further, the evidence in dispute was before the Commission, and the Commission considered all the evidence *de novo* before making its findings. The Commission's findings were reasonable and supported by the record.

The Commission found Denny's had a written policy on proper cash handling, and the policy was reasonable to ensure the employer collects for the services provided to the customer. Steen was aware of the company's rules, which had been communicated to her both when she was hired and in her second write-up, which expressly warned her that the next violation would result in termination. *Cf., Merriott v. Shearer Lumber Products,* 127 Idaho 620, 622–23, 903 P.2d 1317, 1319–20 (1995) (employer could not require employee to comply with its uncommunicated expectations). As established by company policy, Steen was terminated after her third violation. The Commission determined Steen's conduct was a violation of Denny's rules, which were reasonable and necessary for Denny's to effectively run its business. The Commission ruled such misconduct rendered Steen ineligible for unemployment insurance benefits.

The discrepancy regarding the dates was presented to the Commission both in the reports themselves and the transcript from the Appeal's Examiner where the issue was addressed. Further, in the Commission's denial of Steen's request for a rehearing, the Commission stated the evidence regarding the discrepancy was considered by the Commission before issuing its decision and, therefore, it was unnecessary for the Commission to rehear the case.

Based on the foregoing, this Court affirms the Commission's decision finding Steen was discharged for misconduct and is therefore not eligible for unemployment benefits because substantial and competent evidence exists to support the Commission's conclusion.

## V.

### CONCLUSION

Accordingly, the Court holds that: 1) respondent's brief was filed in a timely manner;
2) the Commission did not err in allowing Denny's appeal from the Appeals Examiner's decision; and 3) there is substantial and competent evidence to support the Commission's conclusion that Steen was discharged for employee misconduct and is ineligible for unemployment insurance benefits.

No costs or fees were requested and, therefore, none are awarded.

Justices SCHROEDER and WALTERS concur.

Chief Justice TROUT, dissenting.

Because I do not agree with the Court's conclusion that the Industrial Commission's finding of employee misconduct was supported by substantial and competent evidence, I respectfully dissent.

The Court upheld the Commission's denial of unemployment benefits due to employee misconduct based on a finding that Steen's conduct was in violation of Denny's rules. The Commission found Denny's had a written policy on proper cash handling which included allowing only one specified individual to handle the till on any shift. Steen was discharged after receiving three violations related to the till policy. However, finding Denny's had a reasonable rule violated by Steen does not end our inquiry regarding whether the violation of that rule renders Steen ineligible for unemployment benefits. It is well established that "violation of an employer's rules is not, per se, misconduct; rather, a *deliberate* and *intentional* violation of the spirit of the rule is required." *Simmons v. Dept. of Employment,* 99 Idaho 290, 292, 581 P.2d 336, 338 (1978)(citing *Wroble v. Bonners Ferry Ranger Station,* 97 Idaho 900, 556 P.2d 859 (1976)(emphasis added)). "The 'deliberate disregard of an employer's rule' theory requires a finding that the employee acted deliberately, violating a known rule ." *Wulff v. Sun Valley Co.,* 127 Idaho 71, 75, 896 P.2d 979, 983 (1995). The Court and the Commission overlook the intent requirement. The Commission specifically found Denny's till policy "was not carefully followed" and "servers were not involved in verifying the accuracy of the till at the start

or end of their shifts." In addition, Denny's did not indicate in Steen's disciplinary report that it wished to start enforcing the till policy of allowing only one person on the register, but instead issued to Steen two written violations, on the same day, stating "$15.04 shortage" and "Cash shortage of $20.00 on 2/5/99," and warning her that "will not happen again, next instance will be termination." Even though the till policy had not been carefully followed, the Commission's Decision and Order summarily concluded the intent requirement was met by simply stating: "Claimant's actions were deliberate. She intentionally handled the till when she was not authorized to do so. She intentionally put at least one customer's payment in her apron pocket." The finding that Steen's actions were deliberate, in the sense that she callously rejected a known and enforced rule of the employer, is not supported by substantial and competent evidence.

Denial of unemployment benefits is limited to intentional violations an employer's rule because the very purpose of unemployment insurance is to "set aside unemployment reserves to be used for workers who are unemployed through no fault of their own." I.C. § 72-1302. Alternatively, a finding of "misconduct" allows denial of benefits to those who bring about their own unemployment by conducting themselves with callousness, deliberate or wanton misbehavior. Denying benefits for misconduct where the employee violates a rule not previously enforced by the employer has no deterrent power, allows for no pondering of the consequences of their actions, and is not a deliberate disregard of the employer's rules. Our precedent makes clear that Denny's can begin to enforce the previously overlooked till policy and Denny's clearly has a right to discharge an employee for the violation of their rules. *Folks v. Moscow Sch. Dist. No. 281*, 129 Idaho 833, 838, 933 P.2d 642, 647 (1997). However, Denny's acquiescence to numerous staff being allowed in the till negates the ability of Steen to form a "deliberate intention" to violate a rule not previously enforced.

The third violation may present a harder question of whether she deliberately violated the till policy. However, the Commission made no specific findings regarding her intent and based their findings solely on Denny's showing that Steen violated rules designed to prevent cash shortages.

The Commission has simply found that Steen violated Denny's written, but unenforced, rule. Without a deliberate intention to violate the rule, it is not misconduct, and in my view there cannot be deliberateness where a rule was not previously enforced. Therefore, I would find the Commission's determination that Ms. Steen was discharged for employee misconduct is not supported by substantial and competent evidence. I would reverse the Commission's findings and approve unemployment benefits for Ms. Steen.

Justice KIDWELL concurs in dissent.