BURDICK, Justice.
The Idaho Department of Commerce and Labor determined that certain drivers employed by Appellant Giltner, Inc. were covered employees for which it was liable for unpaid unemployment insurance taxes and penalties. The Idaho Industrial Commission affirmed that decision. Giltner appeals that decision. We affirm.
I.FACTUAL AND PROCEDURAL BACKGROUND
Giltner, Inc. (Giltner) is a transportation company located in Jerome, Idaho, and operating in a number of states. Giltner engages two types of drivers to deliver goods and merchandise to its customers. First, Giltner employs “company drivers” who are paid by the mile and receive traditional benefits. Second, Giltner engages “owner/operator drivers” who are paid a set percentage of the load delivered. There are two types of “owner/operator drivers,” those who operate under their own Department of Transportation (DOT) authority and those who operate under Giltner’s DOT authority (reclassified drivers). This second class of “owner/operator drivers” are the subject of this appeal.
Each of the reclassified drivers entered into two agreements with Giltner: a “Contractor Operating/Lease Agreement” and an “Equipment Lease Agreement” (collectively lease agreements). Giltner drafted both of these documents, and neither was subject to negotiation.
At some point, a now-reclassified driver filed a claim for unemployment insurance benefits against Giltner. When the Respondent, State of Idaho, Department of Commerce and Labor (the Department), was processing this claim, it discovered that Giltner had not reported any wages for that driver. This led the Department to conduct an audit of Giltner, covering the fourth quarter of 2002 through the fourth quarter of 2003. A tax auditor found that the remuneration received by the reclassified drivers was wages for covered employment and imposed a tax liability of $50,832.24 for the audit period. Giltner filed a timely appeal of the tax liability determination to the Department. An Appeals Examiner for the Department conducted a three-day hearing. It then affirmed the finding of unemployment tax liability. Giltner timely appealed that decision to the Idaho Industrial Commission (the Commission). The Commission conducted a de novo review of the record, but did not conduct a hearing or take additional evidence. The Commission then affirmed the Department’s finding of unemployment tax liability. Giltner now appeals that decision to this Court.
II.STANDARD OF REVIEW
“On appeal from the Industrial Commission, this Court exercises free review of the Commission’s legal conclusions, but will not disturb findings of fact if they are supported by substantial and competent evidence.” Steen v. Denny’s Rest, 135 Idaho 234, 235, 16 P.3d 910, 911 (2000). “Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion.” Uhl v. Ballard Med. Prods., 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003). “The conclusions reached by the Industrial Commission regarding the credibility and weight of evidence will not be disturbed unless the conclusions are clearly erroneous.” Excell Constr., Inc. v. State, Dept. of Labor, 141 Idaho 688, 692, 116 P.3d 18, 22 (2005) (citing Hughen v. Highland Ests., 137 Idaho 349, 351, 48 P.3d 1238, 1240 (2002)). We will not re-weigh the evidence or consider whether we would have drawn a different conclusion from the evidence presented. Id.
III.ANALYSIS
Giltner argues the Commission incorrectly used evidence of compliance with state and federal law to indicate direction and control when determining whether the reclassified drivers were its employees, and that the Commission erred when it determined the drivers were not engaged in an independent trade. Giltner also maintains that the reclassified drivers were not similarly situated, thus it was error for the Commission not to consider each driver individually. Next, Giltner argues that the Commission abused its discretion by not hearing oral argument on *419 appeal and not taking new evidence. Finally, Giltner seeks attorney fees on appeal. We will address each issue in turn.
A. The reclassified drivers were Giltner’s employees.
Idaho’s Employment Security Law provides assistance for workers who face unemployment through no fault of their own. I.C. § 72-1302. Employers are obligated to pay unemployment insurance taxes based on the wages they pay to employees engaged in “covered employment.” John L. King, P.A. v. State, Dept. of Empl., 110 Idaho 312, 313, 715 P.2d 982, 983 (1986). These employer contributions finance a trust fund that supports the unemployment insurance system. Id. When interpreting social legislation, such as the Employment Security Act, “exemptions from coverage are narrowly construed.” Id.
Once it is shown that a worker received remuneration from a putative employer for performing services, that worker will be found to have been engaged in covered employment, “subject to the putative employer showing that an exemption applies.” Beale v. Dept. of Employment, 131 Idaho 37, 41, 951 P.2d 1264, 1268 (1997). “[T]he term ‘covered employment’ is an ‘expansive term’ and ‘sweeps within its purview employees and independent contractor alike.’ ” Id. (quoting Software Assoc., Inc. v. Department of Employment, 110 Idaho 315, 316, 715 P.2d 985, 986 (1986)). “[T]he status of independent contractor is not enough to avoid coverage.” King, 110 Idaho at 314, 715 P.2d at 984 (quoting Swayne v. Dept. of Employment, 93 Idaho 101, 104, 456 P.2d 268, 271 (1969)).
Excell Constr., Inc., 141 Idaho at 694, 116 P.3d at 24.
In order to merit an exemption from the presumption that services for remuneration are covered employment, the putative employer must demonstrate two things:
(a) That the worker has been and will continue to be free from control or direction in the performance of his work, both under his contract of service and in fact; and
(b) That the worker is engaged in an independently established trade, occupation, profession, or business.
I.C. § 72-1316(4). Therefore, in order to overcome the presumption of covered services, the putative employer must first demonstrate that the worker was free from employer control and then that the worker was engaged in an independently established trade, occupation or business.
As to the first prong, the putative employer must show that “the worker has been and will continue to be free from control or direction in the performance of his work, both under his contract of service and in fact[.]” I.C. § 72-1316(4)(a). “The appropriate test in making this determination considers whether the putative employer has control over the details of the work, the manner, method or mode of doing the work, and the means by which the work is to be accomplished, as contrasted with the results of the work.” Excell Constr., Inc., 141 Idaho at 694-95, 116 P.3d at 24-25 (citing Beale v. State, Dept. of Empl., 131 Idaho 37, 42, 951 P.2d 1264, 1269 (1997); IDAPA 09.01.35.112.03). Additionally, the freedom from control must exist in theory and in fact. Beale, 131 Idaho at 42, 951 P.2d at 1269; IDAPA 09.01.35.112.03.
The Commission found that Giltner had not met its burden of showing that the reclassified drivers were free from its control. However, Giltner argues that a review of the IDAPA 09.01.35.112.03 factors should be limited to the voluntary actions of the putative employer — neither requiring a worker to comply with federal and state law nor compliance with insurance requirements can be competent evidence of control.[1] Giltner contends that National Trailer Convoy, Inc. v. Employment Security Agency of Idaho, 83 Idaho 247, 253, 360 P.2d 994, 997 (1961), controls here and does not allow consideration of a putative employer requiring workers to meet mandatory regulations.
In National Trailer this Court examined whether the drivers for the company were covered employees for employment security *420 contribution purposes. The Court found that the drivers were not employees of the trucking company, and wrote “[Requirements that truck and driver meet Interstate Commerce Commission standards, and existence of the road patrols, point toward compliance with governmental regulations, and are not indicia of an employer-employee relationship.” Natl. Trailer Convoy, Inc., 83 Idaho at 253, 360 P.2d at 997. Giltner argues that it was error for the Commission to consider that Giltner required its owner-operators to comply with federal law as evidence of control and direction. Additionally, we recently addressed a similar issue in Hernandez v. Triple Ell Transport, Inc., 145 Idaho 37, 175 P.3d 199 (2007). There, we once again determined adherence to federal law governing interstate trucking cannot be used as evidence to show control over a driver. Id. at 43,175 P.3d at 205.
Therefore, the Commission erred in finding that Giltner’s adherence to federal rules and regulations was evidence of control over the reclassified drivers. Such evidence cannot be used when analyzing the control prong of I.C. § 72-1316. Furthermore, there was insufficient evidence otherwise demonstrating control.
Nonetheless, our analysis does not end there. A putative employer must demonstrate both portions of I.C. § 72-1316(4) to establish that the worker was not engaged in covered employment. Here, the reclassified drivers were not “engaged in an independently established trade, occupation, profession, or business.” All of the reclassified drivers operated under Giltner’s DOT authority. They had no authority to operate without this; they were solely dependent on Giltner’s DOT authority to haul goods in interstate commerce. Therefore, as a matter of law, they could not be engaged in an independently established trade, occupation, profession or business.[2] They were necessarily Giltner’s employees for purposes of Idaho’s Employment Security Law. Thus, we affirm the decision of the Commission.
B. The reclassified drivers were similarly situated.
Giltner argues that the Commission erred because it did not reach individualized findings as to each reclassified driver. Under Idaho law, employer liability for unemployment insurance taxes is assessed for each individual worker. I.C. § 72-1316; Excell Constr., Inc., 141 Idaho at 696, 116 P.3d at 26. However, when determining covered employment, “the director may, on the basis of the available evidence, determine that other workers performing similar services for the employer are similarly situated with respect to the coverage of said services under the provision of this chapter, and that such services constitute covered employment.” I.C. § 72-1353(2). In doing so, the Commission must reach individualized findings as to each group of similarly situated workers based on the legally relevant facts. Excell Constr. Inc., 141 Idaho at 696, 116 P.3d at 26.
Giltner argues that “legally relevant” facts apply differently to some of the reclassified drivers; however, the record discloses that all of the reclassified drivers operated under Giltner’s DOT authority. Since that fact makes the reclassified drivers Giltner’s employees, it was not error for the Commission to consider all the reclassified drivers as similarly situated with respect to the covered employment inquiry.
C. We decline to consider whether the Commission abused its discretion by not allowing argument or taking additional evidence.
Giltner contends that the Commission abused its discretion by denying it a hearing and an opportunity to present additional evidence. However, Giltner failed to present argument or authority to support this contention. It is well established that this Court will not consider issues not supported by argument or authority. See e.g. Cowan v. Bd. of Commrs. of Fremont Co., 143 Idaho 501, 508, 148 P.3d 1247, 1254 (2006). Therefore, this Court will not consider this issue.
*421 D. Giltner is not entitled to an award of attorney fees.
Giltner seeks an award of attorney fees pursuant to I.C. § 12-117. However, that section provides an award of attorneys fees to the prevailing party only. Mercy Med. Ctr. v. Ada Co., 143 Idaho 899, 903, 155 P.3d 700, 704 (2007). Since we affirm the decision below, Giltner is not the prevailing party and is not entitled to an award of attorneys fees under I.C. § 12-117.
IV. CONCLUSION
We affirm the decision of the Commission. Additionally, it was not error for the Commission to determine that all the reclassified drivers were similarly situated. We decline to address whether it was error for the Commission to refuse to take additional evidence or hear argument in Giltner’s appeal. Finally, since Giltner is not the prevailing party, we decline to award it attorney’s fees. Costs to Respondent.
Chief Justice EISMANN and Justices.W. JONES and HORTON, concur.

. While Giltner argues that this Court cannot consider compliance with insurance requirements, it provides no authority for that proposition, and we, therefore, will not address that argument.

. This is in contrast to Hernandez. There, Hernandez had his own DOT authority and Tripel Ell was merely his only client. Hernandez could at any time have terminated his agreement and gone elsewhere to haul loads in interstate commerce using his own DOT authority.