W. JONES, J.
Merrie Chapman, flk/a Merrie Lockyer, (Chapman), appeals from the Industrial Commission’s finding that she engaged in misconduct and is therefore ineligible for unemployment benefits. Chapman appeals to this Court contending that (1) the Industrial Commission abused its discretion when it denied her an evidentiary hearing, and (2) the findings which resulted in her ineligibility for unemployment benefits are not supported *180 by substantial and competent evidence. Chapman’s former employer, NYK Line North America (N.Y.K Line), requests attorney’s fees on appeal.
FACTUAL AND PROCEDURAL BACKGROUND
Chapman was discharged from her position with NYK Line on July 19, 2007 for failure to comply with an investigation. The investigation was the result of a complaint filed by Chapman in June 2007.[1] On July 18, 2007, a human resources representative informed Chapman that she would be meeting that afternoon with Tamsen Leachman (Leachman), an attorney hired by NYK Line to investigate the June 2007 complaints. Pri- or to the afternoon meeting, Chapman purchased a Sony 570V tape recording device at an office supply store. The sales associate put the batteries and blank tape into the recorder and Chapman placed the recorder in her purse. Chapman ate lunch and then proceeded to the meeting with Leachman which was scheduled at 2:00pm that afternoon. The following is Leachman’s account of the meeting as prepared in the confidential investigative report. The purpose of the report is to “serve to summarize the results of [Leachman’s] investigation into various employment-related allegations made against NYK Lines, Inc. (N.Y.K.) by Merrie [Chapman].”[2]
As for [Chapman], her cooperation and credibility were significant factors in how I viewed the information learned during her interview. As noted above, I met with [Chapman] on July 18 to discuss the various issues she raised in her internal complaint. At the beginning of the discussion, [Chapman] asked if she could tape record the conversation. I told her “no,” and then explained the various reasons for this. I shared that this was my choice and decision, and that I have determined based on my experience that recording impairs productive discussion and creates greater risk of breach of confidentiality. I told her I would not conduct an interview if there was insistence on it being recorded and asked her if I had her agreement about the basis for going forward. She responded that she understood and agreed. At that point, she pulled out a pad of paper and a pen for taking notes (although she did not use this at any point during the meeting). I then addressed my concerns about notes being shared, and reminded her of the importance of confidentiality, particularly while the investigation was active and open.
The interview then progressed for an hour and a half, at which point Leachman left the room to retrieve some documents. Her absence lasted only a few minutes. Approximately thirty minutes following Leachman’s return there was a loud beep. Leachman inquired into the source of the beep and Chapman pulled the tape recorder from her purse and denied that she had been recording the interview. Leachman listened to the tape and confirmed with Chapman that the voices on the tape were their own. Leach-man’s report summarized her opinion on the incident:
[After the interview] I attempted to contact [the human resources representatives]. I left messages expressing my deep concern about [Chapman’s] integrity and honesty, and my belief that she had significantly impaired the investigation with her conscious decision to ignore our agreement regarding recording, and to be less than truthful about what she did. I do not believe the recording was accidental, and it troubles me that she chose to cover up one dishonest act with another, particularly in the context of an investigation of her complaints where credibility assessment was so critical. I have been involved in many investigations where tape recording of management meetings was viewed as a significant breach of trust or violation of a company directive. When I talked with you later about this I advised that I viewed the conduct by [Chapman] to be equally if not more serious, and shared *181 that I felt termination of employment was warranted.
Chapman was terminated on July 19, 2007 for “being untruthful and for failure to comply with an investigation.” Chapman filed for and was awarded unemployment benefits on July 20. NYK Line timely challenged that determination and a telephonic hearing was held by an appeals examiner. The appeals examiner reversed the eligibility determination, finding that Chapman intentionally recorded the meeting in violation of her agreement with Leachman and therefore, compromised the employment-related investigation. The appeals examiner found that Chapman’s dishonesty and breach of trust qualified as misconduct in connection with employment. Chapman appealed to the Industrial Commission and requested a hearing to present additional evidence. The Industrial Commission denied the request to present additional evidence and affirmed the appeal examiner’s decision. Chapman continues to maintain that the recording was accidental and unintentional and that the recorder was activated when she reached into her purse for a piece of gum. Chapman appeals the Industrial Commission’s decision to this Court.
ISSUES ON APPEAL
This Court is presented with the following issues on appeal:
1. Whether the Industrial Commission abused its discretion in denying an evidentiary hearing as requested by Chapman.
2. Whether the Industrial Commission’s decision is supported by substantial and competent evidence.
3. Whether NYK Line is entitled to attorney’s fees on appeal pursuant to I.C. § 12-121.
STANDARD OF REVIEW
“On appeal from the Industrial Commission, this Court exercises free review of the Commission’s legal conclusions, but will not disturb findings of fact if they are supported by substantial and competent evidence.” Giltner, Inc. v. Idaho Dept. of Commerce and Labor, 145 Idaho 415, 418, 179 P.3d 1071, 1074 (2008) (quoting Steen v. Denny’s Rest., 135 Idaho 234, 235, 16 P.3d 910, 911 (2000)). “Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion.... We do not re-weigh the evidence or consider whether we would have reached a different conclusion from the evidence presented.” Uhl v. Ballard Med. Prod., Inc., 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003) (internal citations omitted).
ANALYSIS
The Industrial Commission did not abuse its discretion in denying the evidentiary hearing requested by Ms. Chapman.
“The record before the commission shall consist of the record or proceedings before the appeals examiner, unless it appears to the commission that the interests of justice require that the interested parties be permitted to present additional evidence.” I.C. § 72-1368(7). The decision to allow for additional evidence is in the “sole discretion” of the Industrial Commission. I.C. § 72-1368(7). “This Court thus reviews the Commission’s decisions regarding supplemental hearings under the abuse of discretion standard.” Teevan v. Office of the Attorney Gen., 130 Idaho 79, 81, 936 P.2d 1321, 1323 (1997). “This section is not carte blanche allowing ... [the party] the unbridled right to present a substantially new case, absent some showing as to why the evidence had been unavailable earlier.” Id. (quoting White v. Idaho Forest Indus., 98 Idaho 784, 785 n. 1, 572 P.2d 887, 888 n. 1 (1977)).
The Industrial Commission does not abuse its discretion when (1) the issue is correctly perceived as discretionary, (2) the Industrial Commission acts within the bounds of that discretion and consistent with the applicable legal standards, and (3) the decision is reached through an exercise of reason. Super Grade, Inc. v. Idaho Dept. of Commerce and Labor, 144 Idaho 386, 390, 162 P.3d 765, 769 (2007).
Chapman requested a hearing for her appeal to “enable the Industrial Commission to examine a Sony 570V tape recorder which *182 has the Voice Operated Recording (VOR) feature with tape.” The request stated that the tape recorder “is central to [Chapman’s] claim that she did not engage in any misconduct,” and that the evidence was not presented below because it was a telephonic hearing and would have required Chapman to purchase two additional tape recorders.
The Industrial Commission held that Chapman “has not demonstrated that the only way in which the Commission can understand the functioning of the tape recorder at issue is to actually view it.... [W]e are satisfied that the tape recorder and its operation can be accurately and sufficiently explained through the documentary appeals record.” In its order establishing briefing schedule the Industrial Commission recognized that the authority to grant an appeals hearing is solely in the discretion of the Industrial Commission and that granting a hearing “is an extraordinary measure and should be reserved for those eases when due process or other interests or justice demand no less.” Appellant has never explained why the operation of the tape recorder could not be explained in writing or by offering the operation manual as an exhibit for the hearing examiner. Therefore, this Court finds that the Industrial Commission did not abuse its discretion. It recognized the issue as discretionary and acted within the bounds of that discretion and reached its decision through an exercise of reason. The decision to deny the hearing is affirmed.
The Industrial Commission’s decision is supported by substantial and competent evidence.
The decision of the Industrial Commission must be supported by substantial and competent evidence. Uhl, 138 Idaho at 657, 67 P.3d at 1269. An employee is not eligible for unemployment benefits if the unemployment is the result of “discharge[ ] for misconduct in connection with his employment.” I.C. § 72-1366(5). Whether the discharge for misconduct is work-related “is a factual determination.” Beaty v. City of Idaho Falls, 110 Idaho 891, 892, 719 P.2d 1151, 1152 (1986). The burden of proving misconduct is on the employer. Id. This Court has rejected the proposition that “any discharge that is reasonably based on the employer’s own rules will always result in a denial of the discharged employee’s unemployment benefits.” Beaty, 110 Idaho at 892, 719 P.2d at 1152. “[T]here must be a deliberate and intentional violation of the spirit of the rule.” Id. at 893, 719 P.2d at 1153. Misconduct is defined as “(1) a willful, intentional disregard of the employer’s interest; (2) a deliberate violation of the employer’s rules; or (3) a disregard of standards of behavior which the employer has a right to expect of its employees.” Quinn v. J.R. Simplot Co., 131 Idaho 318, 321, 955 P.2d 1097, 1100 (1998).
Chapman does not dispute that the failure to comply with an investigation would constitute grounds for immediate termination. The only dispute before the Industrial Commission was whether Chapman had intentionally or unintentionally recorded the interview. At oral argument Chapman’s counsel stated that the issue on appeal is a fact intensive issue. This Court finds that the Industrial Commission’s decision is supported by substantial and competent evidence.
The Industrial Commission found it reasonable that Leachman requested Chapman not to record the interview. It further found “that recording the interview without authorization would be an act that constitutes a failure to comply with the investigation.” Further, “secretly recording the interview after [Chapman] specifically agreed that she would not do so does jeopardize the integrity of the interview, and thus the investigation .... [W]hich is particularly troubling given that [Chapman’s] complaints ... initiated the investigation.” Ultimately, the Industrial Commission held that the recording was made intentionally. The Industrial Commission was unable to find a reconcilable reason for Chapman’s statement on the beginning of the tape stating “[o]k, I am recording now” immediately preceding the recorded conversation between the two women.
[Chapman] offers the fact that the device has a voice (or noise) activation feature on it that could have been triggered when she made noise rummaging through her purse. However, inadvertently activating the de *183 vice in such a manner is inconsistent with [Chapman’s] prefatory statement “Ok, I am recording now” that can be heard on the tape. Additionally, the testimony indicated that in addition to noise, the device (the VOR slide button) also needed to be manually placed on the setting which would activate the recording device upon hearing noise. Although [Chapman] was unfamiliar with the device and asserts that the store clerk “set up” the device at the store, it is unclear why such a “very sensitive” noise-activated device was only activated at that moment and not at some point during the two hours prior while [Chapman] carried it around and ate lunch. Furthermore, the tape only appears to start recording one time, as opposed to multiple starts and stops as would be expected if it was continually being activated by outside noises.
The tape was only 30 minutes long. If [Chapman] made the prefatory statement that activated the device at the store at roughly 1:18 p.m., it is unclear why the tape didn’t run out before the interview even started at 2:00 p.m.
It is clear that the Industrial Commission’s factual finding that Chapman had intentionally recorded the conversation is supported by substantial and competent evidence. Chapman has done nothing more than ask this Court to re-weigh the evidence. This Court will not overturn factual findings, even if conflicting evidence exists, if those findings are supported by “relevant evidence that a reasonable mind might accept to support a conclusion.” Edwards v. Independence Services, Inc., 140 Idaho 912, 914, 104 P.3d 954, 956 (2004). This Court affirms the Industrial Commission’s decision.
NYK Line is not entitled to attorney’s fees on appeal pursuant to I.C. § 12-121.
During oral argument NYK Line withdrew the request for attorney’s fees pursuant to I.C. § 12-121 and conceded that I.C. § 12-121 is inapplicable in a claim for worker’s compensation benefits. “In any civil action, the judge may award reasonable attorney’s fees to the prevailing party or parties.” I.C. § 12-121. “I.C. § 12-121 only pertains to civil actions which are commenced by the filing of a complaint. A claim for unemployment benefits is not such an action.” Scrivner v. Service IDA Corp., 126 Idaho 954, 960, 895 P.2d 555, 561 (1995). This Court agrees; NYK Line is not entitled to attorney’s fees on appeal pursuant to I.C. § 12-121.
CONCLUSION
For the foregoing reasons, this Court affirms the decision of the Industrial Commission.
Justice HORTON, and Justice pro tern TROUT concur.

. Chapman filed a complaint alleging that she was subjected to a hostile work environment.

. Leachman’s report ultimately concluded that Chapman had not been subjected to a hostile work environment.