## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 34696

| | | |
|---|---|---|
| PAUL E. FRANK, | ) | |
| | ) | |
| Claimant-Appellant, | ) | Coeur d'Alene, November 2010 |
| | ) | |
| v. | ) | 2010 Opinion No. 124 |
| | ) | |
| THE BUNKER HILL COMPANY, | ) | Filed: November 29, 2010 |
| Employer/Self-Insured, BUNKER LIMITED | ) | |
| PARTNERSHIP, Self-Insured, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Defendants-Respondents. | ) | |

Appeal from the Industrial Commission.

Industrial Commission decision, <u>affirmed.</u>

John J. Rose, Jr., Kellogg, argued for appellant.

Ramsden & Lyons, LLP., Coeur d'Alene, for respondent, Bunker Limited Partnerhsip. William F. Boyd argued.

———————————————

BURDICK, Justice

This matter comes before this Court on an appeal from the Industrial Commission's ("the Commission") order entered on remand from the case of *Frank v. Bunker Hill Co.*, 142 Idaho 126, 124 P.3d 1002 (2005). On appeal Paul Frank argues that the Commission erred in failing to award him reimbursement for the cost of past and future medical insurance, which he claims is required to pay for his medical expenses incurred as the result of his industrial injury. Frank also appeals the denial of attorney fees for the proceedings held before the Commission. We affirm the Commission.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Frank was injured in a mining accident in November of 1980 while working for the Bunker Hill Company ("Bunker Hill"). *Frank*, 142 Idaho at 127, 124 P.3d at 1003. Frank filed a worker's compensation claim and was awarded total permanent disability in 1984. *Id*. Bunker Hill requested a rehearing and the award was reduced to 55% total and permanent disability. *Id*.

Frank appealed that reduction, which was affirmed by this Court in 1988. *Id*. *See also Frank v. Bunker Hill Co*., 117 Idaho 790, 792 P.2d 815 (1988), *addendum filed* (1990).

On May 22, 1991, Frank filed an application requesting a hearing for redetermination of his disability rating. *Id*. at 128, 124 P.3d at 1004. The next thirteen years brought a complex and confusing procedural history involving multiple bankruptcies, which it is unnecessary to reiterate here.[1] On March 24, 2004, the Commission entered an order denying reconsideration. *Id*. at 129, 124 P.3d at 1005. Frank appealed to this Court, and on November 23, 2005, this Court affirmed the Commission's dismissal of Frank's claim for additional disability compensation, while remanding for a determination of whether the amount Frank had been overpaid (during the period he had been awarded total permanent disability) could be offset against his subsequent medical costs that should have been paid by his employer, and for a determination of whether Frank was entitled to additional medical benefits. *Id*. at 132, 124 P.3d at 1008.

On remand the Commission found that the $10,633.25 that had been overpaid to Frank could be offset against Frank's subsequent reasonable medical expenses that his employer was liable for.[2] On September 12, 2007, the Commission issued its Order on Remand Re: Additional Medical Benefits, finding that Frank's employer was not liable for Frank's past or future medical insurance premiums, that Frank had incurred $15,412.66 in medical care costs which his employer was responsible for and that offsetting the amount Frank had been overpaid resulted in a balance owing to Frank in the amount of $4,779.41. The Commission denied Frank's requested attorney fees. Frank filed his notice of appeal before this Court on October 23, 2007.

**Bunker Hill History**

On January 14, 2010, the Commission issued its Order on Remand Re: Determination of Proper Parties, adding Bunker Limited Partnership ("BLP") to the captioning of the case. This was in resolution of long-standing confusion as to which entity owed Frank a duty as to his workers' compensation claims.

The Bunker Hill Company began doing business near Kellogg, Idaho, in the early 1900s and was acquired by Gulf Resources and Chemical Corporation ("Gulf") in a hostile takeover in 1968. Following the takeover, Bunker Hill was a wholly owned subsidiary of Gulf; this was the state of affairs at the time Frank's accident occurred.

---

[1] For more on this history see *Frank v. Bunker Hill*, 142 Idaho 126, 128–29, 124 P.3d 1002, 1004–05 (2005).
[2] The Commission also dismissed Gulf USA Corporation and Pintlar Corporation with prejudice, finding that they had never properly been parties in the matter.

In 1981, Bunker Hill shut down its Kellogg operations, and on November 1, 1982, BLP purchased substantially all of Bunker Hill's assets, including the name "The Bunker Hill Company" through an Asset Purchase Agreement. Part of the Asset Purchase Agreement included the assumption of workers' compensation claim liabilities, subject to a limiting provision that is not applicable here. Although BLP acquired the name and nearly all the assets of Bunker Hill, it did not obtain the company itself, which changed its name to Pintlar Corporation ("Pintlar"), and continued to be a wholly owned subsidiary of Gulf. Gulf, Pintlar and BLP all filed petitions in bankruptcy in the early 1990s. BLP's Plan of Reorganization was approved by the bankruptcy court in 1991. That plan included the establishment of a $40,000 reversionary trust, the income from which would be available to fund the medical claims of former Bunker Hill employees.

## II. STANDARD OF REVIEW

As this Court stated in *Giltner, Inc. v. Idaho Department of Commerce and Labor*:

> On appeal from the Industrial Commission, this Court exercises free review of the Commission's legal conclusions, but will not disturb findings of fact if they are supported by substantial and competent evidence. Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. The conclusions reached by the Industrial Commission regarding the credibility and weight of evidence will not be disturbed unless the conclusions are clearly erroneous. We will not re-weigh the evidence or consider whether we would have drawn a different conclusion from the evidence presented.

145 Idaho 415, 418, 179 P.3d 1071, 1074 (2008) (internal quotations omitted).

## III. ANALYSIS

Frank argues that the Commission erred: (1) in denying him reimbursement for his past and future insurance premiums (where insurance is required in order to pay for his continuing reasonable medical expenses); and (2) in failing to award him attorney fees for the proceedings before the Commission. These issues shall be addressed in turn.

**A. The Commission did not err in determining that Frank was not entitled to reimbursement for insurance premiums.**

The Industrial Commission ruled that Frank could not recover the cost of his insurance premiums because I.C. § 72-432 provides only for the cost of medical care, not the cost of insurance. Frank argues that he had to get insurance in order to pay for his medical care and, therefore, those costs should be paid by Bunker Hill.

3

Idaho Code § 72-432 provides, in relevant part:

(1)   [T]he employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment, nurse and hospital services, medicines, crutches and apparatus, as may be reasonably required by the employee's physician or needed immediately after an injury or manifestation of an occupational disease, and for a reasonable time thereafter.  If the employer fails to provide the same, the injured employee may do so at the expense of the employer.

Frank is not only seeking reimbursement for his past insurance premiums, but also for the projected costs of that continuing insurance for the projected remainder of his life.

BLP argues that Frank has failed to provide legal authority to support his argument that he is entitled to reimbursement for past and future insurance costs.  Idaho Appellate Rule 35 controls the content and arrangement of appellate briefs.  Section (a)(6) of I.A.R. 35 states that, "[t]he argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefore, with citations to the authorities, statutes and parts of the transcript and record relied upon."  In *Wheeler v. Idaho Department of Health and Welfare*, this Court held that "issues on appeal that are not supported by propositions of law or authority are deemed waived and will not be considered."  147 Idaho 257, 266, 207 P.3d 988, 997 (2009).

The record demonstrates, and counsel for BLP admitted at oral argument, that the reversionary trust had been set up for the benefit of parties in Frank's position.  Inexplicably, Frank has never applied for benefits from the residual trust.  Neither did Frank seek to intervene in the bankruptcy proceedings of Gulf, Pintlar or BLP in order to assert his claim for benefits.  Having failed to pursue those more likely avenues of recovery, Frank cites to I.C. § 72-432 as authority, arguing that although that statute does not expressly provide for an injured employee to recover insurance costs from an employer, it does provide that "[i]f the employer fails to provide the same, the injured employee may do so at the expense of the employer."  Frank's argument is that his employer refused to pay for his continuing medical expenses in accordance with I.C. § 72-432, noting that Gulf and Pintlar refused to pay for his medical expenses following the bankruptcies of those corporations, and that Frank had no other means to pay for his medical expenses other than by obtaining insurance.  It should be noted that Frank had been overpaid by his employer due to the initial determination by the Commission that Frank suffered from total permanent disability, and the issue of overpayment had not been resolved when these costs were incurred.

4

Although we are skeptical that insurance premiums could be rendered under I.C. § 73-432, assuming *arguendo* that they could be Frank did not offer evidence that his insurance coverage only paid for those costs which his employer was liable for under I.C. § 73-432, and no evidence was offered as to the portion of Frank's insurance premiums attributable to those costs. Nor has Frank made a showing as to the amount his insurance company paid for him to receive such medical care. Absent evidence in the record to support a specific award the Commission could not grant Frank his requested relief. There is no basis in the law to support Frank's request for damages in order to pay for insurance premiums for the projected remainder of his life. The Commission correctly denied Frank's claim for past insurance premiums based on the evidence submitted, and for future insurance premiums as there is no support in law for such an award.

**B. The Commission did not err in denying Frank attorney fees.**

Frank also contends that the Commission erred in denying his request for attorney fees, under I.C. § 72-804, for the proceedings before the Commission on remand. In its Order on Remand Re: Additional Medical Benefits, the Commission found that Frank had failed to present a sufficient argument to support an award of attorney fees.

Idaho Code § 72-804 states:

> If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased employee without reasonable ground, or that an employer or his surety neglected or refused within a reasonable time after receipt of a written claim for compensation to pay to the injured employee or his dependents the compensation provided by law, or without reasonable grounds discontinued payment of compensation as provided by law justly due and owing to the employee or his dependents, the employer shall pay reasonable attorney fees in addition to the compensation provided by this law. In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission.

In Frank's initial brief he argues that attorney fees should be awarded because Gulf and Pintlar did not inform the Commission of the conclusion of their respective bankruptcy proceedings. After Frank's initial brief was filed, the Industrial Commission determined on remand that BLP, not Gulf or Pintlar, was liable as Frank's employer, and Frank has not challenged that determination here. Therefore, Frank's argument concerning those companies shall not be examined.

In Frank's Reply Brief he argues that BLP, Gulf and Pintlar engaged in a course of conduct designed to deceive Frank, the Commission and the Idaho Supreme Court, and should

5

therefore be required to pay Frank's attorney fees. Frank cites no legal authority for this argument. This Court "will not consider a request for attorney fees on appeal that is not supported by legal authority or argument." *Bream v. Benscoter*, 139 Idaho 364, 369, 79 P.3d 723, 728 (2003). Therefore, we affirm the Commission's denial of attorney fees.

## IV. CONCLUSION

We affirm the Industrial Commission's holding that Frank is not entitled to the costs of his past and future insurance premiums, nor attorney fees for his proceedings before the Commission. Costs to Respondent, Bunker Limited Partnership.

Chief Justice EISMANN and Justices J. JONES, HORTON and TROUT, Pro Tem, **CONCUR.**