155 P.3d 700

**MERCY MEDICAL CENTER, (Re: William Koeppen), Petitioner–Appellant,**

v.

**ADA COUNTY and the Board of County Commissioners of Ada County, Respondents.**

No. 32729.

Supreme Court of Idaho, Boise, January 2007 Term.

Feb. 22, 2007.

Hall, Farley, Oberrecht & Blanton, Boise, for appellant. Brent Thomas Wilson argued.

Greg Hollis Bower, Ada County Prosecuting Attorney, Boise, for respondent. Ammon Ray Hansen, Deputy Prosecuting Attorney argued.

BURDICK, Justice.

Respondent, Board of Ada County Commissioners (the Board), denied William F.

Koeppen's application for medical indigency benefits. Appellant, Mercy Medical Center (Mercy), filed a Petition for Review with the district court. The district court dismissed this petition as untimely, and Mercy now appeals that decision. We reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In late 2004 Koeppen incurred $149,608.85 in medical expenses at Mercy. He was unable to pay these medical expenses and on November 23, 2004, applied for medical assistance in Ada County under case number 27036. Then on December 3, 2004, Koeppen filed a duplicate application, number 0501–16. Since the applications were duplicates, the Board processed the applications under the second case number. Although he had applied for assistance, Koeppen did not cooperate with the Board's investigation into his application; he failed to respond to two Subpoenas Duces Tecum issued in November and December, 2004.

The Patient Financial Services Supervisor from Mercy testified at a hearing before the Board on March 2, 2005, that Koeppen was still hospitalized and it was unlikely he would be discharged "anytime soon." Indeed, Koeppen passed away on March 11, 2005.

The day of the hearing, the Board requested that Mercy complete certain documents the Board had provided no later than March 21, 2005. The Board also continued the case to April 6, 2005, to allow Mercy to complete the necessary documentation. However, the Board did not receive the required documentation. The Board then issued Findings of Fact and Conclusions of Law on April 6, 2005, denying Koeppen's application on the basis that he had failed to cooperate in the application process and on the basis that the Board lacked sufficient information to determine if other resources were available to pay for the medical expenses and to determine Koeppen's indigency status.

Mercy requested a review of the Board's decision before the Medical Indigency Pre–Litigation Screening Panel (Panel) on April 20, 2005. On September 13, 2005, the Panel issued its opinion regarding the Board's decision, agreeing that the Board did not have sufficient information to determine Koeppen's indigency status. Mercy then, on October 18, 2005, filed a petition for judicial review in district court. The district court *sua sponte* dismissed this petition as untimely and then denied Mercy's motion to reconsider the dismissal. Mercy now appeals the district court's dismissal of its petition for judicial review to this Court.

## II. ANALYSIS

The parties have raised three separate issues for this Court to determine. First, was Mercy's request to the Panel proper? Second, did the district court err in dismissing Mercy's petition for judicial review as untimely? Finally, is the Board entitled to attorney's fees? We will address each issue in turn.

### A. Mercy's request to the Panel was proper.

■ The Board argues that Mercy's request to the Panel was improper because, pursuant to I.C. § 31–3551, the Panel can only review resource determinations. Since Koeppen did not cooperate, the Board reasons, it could not determine his indigency status and the Board's decision did not address "resources." As the Panel could not conduct an analysis of the resources available to the applicant because there were no factual findings regarding resources in the Board's decision, the Board argues the case was not appropriately before the Panel. Moreover, the Board asserts, pre-litigation screening is only mandatory for those claims arising out of contested resource availability; therefore, it concludes, Mercy's request to the Board was improper and Mercy had only twenty-eight days from the date the Board issued its decision in which to file an appeal. Mercy points out that it contested the Board's decision that it had insufficient information regarding resources and believes the Board had sufficient information to determine resources; additionally, the Board did not object in any way to Mercy requesting pre-litigation screening before the Panel.

■ The interpretation of a statute is an issue of law over which this Court exercises free review. *Carrier v. Lake Pend Oreille Sch. Dist. No. 84,* 142 Idaho 804, 807, 134 P.3d 655, 658 (2006) (citing *Martin v. State Farm Mut. Auto. Ins. Co.,* 138 Idaho 244, 246, 61 P.3d 601, 603 (2002)). We must construe a statute to give effect to the intent of the legislature. *Ada County Bd. of Equalization v. Highlands, Inc.,* 141 Idaho 202, 207, 108 P.3d 349, 354 (2005). When construing a statute, this Court "will not deal in any subtle refinements of the legislation, but will ascertain and give effect to the purpose and intent of the legislature, based on the whole act and every word therein, lending substance and meaning to the provisions." *Ada County Assessor v. Roman Catholic Diocese of Boise,* 123 Idaho 425, 428, 849 P.2d 98, 101 (1993).

Idaho counties furnishing care to "eligible medically indigent persons" are required to provide an advisory panel "in the nature of a special civil grand jury and procedure for prelitigation consideration of claims arising out of contested resource availability of persons applying for indigent relief." I.C. § 31–3551.[1] The use of this panel is compulsory. *Id.* The panel is charged with rendering "opinions where the resource eligibility of applicants ... has been contested." *Id.* Moreover, this panel will "consider the eligibility of applicants on claims referred to them and render written opinions regarding such eligibility ... based upon review of analysis of the resources available to the applicant...." I.C. § 31–3553. Also, the panel "shall indicate ... whether the applicant appears to have resources available to him or her sufficient to pay for necessary medical services; does not have adequate resources; or any comments or observations which may be relevant and appropriate." *Id.* The panel's findings are to be "used by affected parties in resolving contested claims in a manner consistent with the findings presented." *Id.*

The plain language of I.C. §§ 31–3551 and 31–3553, two statutes governing the Panel's

review, dictates that the Panel may only review decisions dealing with financial resources. To accept the Board's interpretation would render an entire category of decisions regarding the patient's resources (those where the Board has determined there is insufficient information to determine resources) as outside of the Panel's jurisdiction. This flies in the face of the legislative intent to provide applicants with advisory opinions to use when resolving claims. I.C. § 31–3553.

The Board concluded that Koeppen did not complete an interview or cooperate in the application process. However, it also concluded that there was "insufficient information to determine if other resources are available to pay for the requested medical services [and there is] insufficient information to determine [Koeppen's] medical indigency status." The Board's decision here dealt with resources. Therefore, we hold that the case was properly presented to the Panel.

**B. The district court erred in dismissing Mercy's petition for judicial review as untimely.**

■ Mercy argues that the district court erred by dismissing its petition for judicial review as untimely. Mercy contends that the statutes governing review by the Panel provide for a tolling of the statute of limitations. Therefore, Mercy asserts, because it had a total of twenty-eight days within which to file a petition, and it used fourteen of those days prior to sending the Board's decision to the Panel, the remaining fourteen days could not begin to run until after the thirty-day stay provided by I.C. § 31–3554. Mercy argues that as such its petition was timely filed.

The district court concluded that Mercy's petition was untimely. It reasoned:

Following the Board's final order on April 6, 2005, Petitioner filed a request for prelitigation consideration on April 20, 2005. Assuming this stopped the statute of limi-

---

1. Title 31, chapter 35 of the Idaho Code was redesignated in 2005. 2005 Sess. Law, ch. 25, § 41, p. 82. Although the old statute numbers would apply as this case commenced in 2004, for

convenience the new statute numbers will be used throughout as the wording of the statutes did not change.

tations from running within the 28 days mandated for petitioning judicial review, [Mercy] then had 30 days following the determination of the prelitigation screening board to file its petition. Here the screening Panel issued its findings on September 13, 2005; however, the petition was not filed until October 18, well outside the 30 day limit.

The district court's conclusion is contrary to the plain language of the statutes governing the Panel. First, I.C. § 31–3554 provides:

> There shall be no judicial or other review or appeal of such matters. No party shall be obligated to comply with or otherwise be affected or prejudiced by the proposals, conclusions or suggestions of the panel or any member or segment thereof; however, in the interest of due consideration being given to such proceedings and in the interest of encouraging consideration of claims informally and without the necessity of litigation, *the applicable statute of limitations shall be tolled and not deemed to run during the time that such a claim is pending before the panel and for thirty (30) days thereafter.*

I.C. § 31–3554 (emphasis added).

One meaning of the word "toll" is, "([o]f a time period, esp. a statutory one) to stop the running of...." Black's Law Dictionary 1495 (7th ed.1999). That is the meaning obviously intended by the legislature in Idaho Code § 31–3554. Thus, it said, "[t]he applicable statute of limitations shall be tolled and not deemed to run during the time that such a claim is pending before the panel and for thirty (30) days thereafter." I.C. § 31–3554. The running of the statute of limitations is stopped during the time the claim is pending before the panel and for thirty days thereafter.

The "claim" with respect to which the statute of limitations is tolled is the application for payment of necessary medical services. It is not merely the issue of resource eligibility that is tolled. Resource eligibility is only one issue to be resolved regarding the validity of a claim. Other issues that could arise regarding the validity of a claim include the obligated county, I.C. § 31–3506; the timeli-

ness of the application, I.C. § 31–3505; whether the medical services are "necessary," I.C. § 31–3502(18); whether the applicant failed to cooperate or made a material misstatement or omission in the application, I.C. § 31–3511(1); whether the application uses the approved form, I.C. § 31–3511(2); whether material information is lacking from the application, I.C. § 31–3511(3); whether the applicant has divested himself or herself of resources within one year prior to filing the application in order to become eligible, *id.*; and whether federal or state authorities have sanctioned the applicant by the loss of medical benefits for failing to cooperate or making a material misstatement or omission, *id.* A claim must include the issue of resource eligibility in order to be referred to the Panel. I.C. § 31–3551. A claim that involves issues in addition to resource eligibility is tolled, even though the Panel can only consider the issue of resource eligibility. Thus, even though several issues may be involved in a particular claim, the running of the statute of limitations is tolled as to the claim even if only one of those issues (resource eligibility) is referred to the Panel.

In this case, the Board denied the claim for three reasons: (a) "The Applicant has not completed an interview and/or cooperated in the application process"; (b) "There is insufficient information to determine if other resources are available to pay for the requested medical services"; and (c) "There is insufficient information to determine the Applicant's medical indigency status." The latter two reasons involve resource eligibility. Therefore, the claim was properly referred to the Panel.

Mercy had twenty-eight days within which to file its petition for judicial review. Fourteen of those days ran before it requested prelitigation screening. Once the thirty-day period following the Panel decision had run, Mercy still had fourteen days remaining within which to file a petition for judicial review. It filed the petition before the expiration of that time period. Therefore, we reverse the district court's order dismissing the petition and remand for further proceedings.

**C. The Board is not entitled to attorney's fees.**

The Board seeks attorney's fees pursuant to I.C. § 12–117. However, that section allows the award of attorney's fees only to the prevailing party. *Karr v. Bermeosolo,* 142 Idaho 444, 449, 129 P.3d 88, 93 (2005). Since we reverse the district court's order, the Board is not the prevailing party and is not entitled to attorney's fees.

## III.  CONCLUSION

We hold this case was properly presented to the Panel because the Board's decision dealt with the Board's resource determination. We also reverse the district court's order because it is contrary to the plain language of I.C. §§ 31–3554 and 31–3555 and remand to the district court for further proceedings. Finally, we refrain from awarding attorney's fees. Costs to Appellant.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES concur.

