# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34368

| | | |
|---|---|---|
| STACY A. GIBSON, | ) | |
| | ) | **Boise, January 2009 Term** |
| Claimant-Appellant, | ) | |
| | ) | **2009 Opinion No. 81** |
| v. | ) | |
| | ) | **Filed: June 8, 2009** |
| ADA COUNTY SHERIFF'S OFFICE, | ) | |
| Employer, and IDAHO STATE INSURANCE | ) | **Stephen Kenyon, Clerk** |
| FUND, Surety, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is affirmed.

Vernon K. Smith, Jr., Boise, for appellant.

Elam & Burke, P.A., Boise, for respondents. Jon M. Bauman argued.

_____

HORTON, Justice

This appeal arises from an order from the Idaho Industrial Commission (Commission). Appellant Stacy Gibson appeals the Commission's denial of her claim for benefits under Idaho's worker's compensation law against the Ada County Sheriff's Office (Ada County) and the State Insurance Fund (SIF) (Ada County and SIF collectively referred to as Respondents). Gibson alleges that she suffers from post-traumatic stress disorder (PTSD) arising from interviews conducted by her employer and that her condition is a compensable physical-mental injury.[1] We affirm the decision of the Commission.

---

[1] A mental-mental claim is one in which a mental stimulus or impact results in a psychological condition. *Luttrell v. Clearwater County Sheriff's Office*, 140 Idaho 581, 584, 97 P.3d 448, 451 (2002). A mental-mental claim is barred by I.C. § 72-451. A physical-mental claim is one in which a mental stimulus or impact results in a psychological condition that is accompanied by a physical injury. *Id.* at 584-85, 97 P.3d at 451-52. A physical-mental claim is compensable under I.C. § 72-451, but only upon meeting the following conditions:

> 1) The injury was caused by an accident and physical injury or occupational disease or psychological mishap accompanied by resultant physical injury;
> 2) The injury did not arise from conditions generally inherent in every working situation or from a personnel related action;

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ada County hired Gibson on July 10, 1997 as a records clerk. Gibson earned $1,500 per month at that position. In October of 1998, Ada County promoted and transferred Gibson to a new clerical position at the Ada County Jail. Gibson's promotion included a raise of $50 per month, bringing her monthly salary to $1,550. Due to a bookkeeping error, Gibson was paid both her old and new salaries for a total of $3,050 per month for the next eight months. Gibson was overpaid in excess of $8,500 before Ada County realized the error.

Although Ada County required Gibson to sign a pay voucher before receiving her monthly paycheck, Gibson asserts that she was unaware of the overpayments until confronted by detectives from Ada County on July 20, 1999. Gibson testified that she never looked at the amount listed on her pay vouchers and simply signed them in order to receive her paycheck. Gibson also testified that she neither opened her bank statements nor balanced her checkbook during this time period.

Upon learning of the overpayments, Ada County launched an investigation into the matter. Detective Arville Glenn contacted Gibson on July 20, 1999 and asked her to report to work. Gibson had recently had back surgery and was not scheduled to report back to work until July 25, 1999. After reporting to work, Gibson was interviewed twice, first by Detective Glenn and then by Detective Scott Johnson. The interviews lasted from approximately 3:00 p.m. to 5:30 p.m. Gibson testified that she was not physically threatened or physically injured during the interviews. However, Gibson claims that she suffers from PTSD as a result of the interviews. Following the interviews, Ada County placed Gibson on leave. Ada County referred the matter to conflict counsel, who ultimately decided not to prosecute Gibson.

Gibson was treated by her physician, Dr. Stephen Spencer, on July 23, 1999, two days after the interviews. Gibson complained to Dr. Spencer of sleeplessness, diarrhea, loss of appetite, difficulties with thinking, and migraine headaches. Dr. Spencer diagnosed Gibson with acute depression secondary to situational distress and prescribed an antidepressant. Dr. Spencer

---

3) Such accident and injury must be the predominant cause as compared to all other causes combined of any consequence;

4) The causes or injuries must exist in a real and objective sense;

5) The condition must be one which constitutes a diagnosis under the American Psychiatric Association's most recent diagnostic and statistics manual, and must be diagnosed by a psychologist or psychiatrist licensed in the jurisdiction in which treatment is rendered.

*Id*. at 584, 97 P.3d at 451 (paraphrasing requirements found in I.C. § 72-451).

wrote a letter to Ada County on behalf of Gibson on August 5, 1999, stating that Gibson was unable to participate in an upcoming personnel hearing because of "tremendous emotional duress." Dr. Spencer wrote a second letter to Ada County on August 20, 1999, stating that Gibson had been under "extreme distress" related to her work and that she suffered from anxiety, depression, panic attacks, poor memory, and the inability to focus. Dr. Spencer again advised that she was unable to participate in an upcoming personnel hearing. Subsequently, Ada County arranged for a physician, Dr. Charles D. Steuart, to examine Gibson to determine whether Gibson could attend a personnel hearing. Dr. Steuart concluded that Gibson was not capable of effectively participating in the personnel hearing and recommended that Ada County delay the hearing. Ada County eventually terminated Gibson effective December 27, 1999.

On July 16, 2001, Gibson filed with the Commission a First Report of Injury and Worker's Compensation Complaint asserting a claim for worker's compensation benefits for an accident that allegedly occurred on July 20, 1999. This claim was based upon alleged physical-mental injuries resulting from the interviews of that date.

Dr. Spencer continued to treat Gibson until October 24, 2001, when Dr. Spencer noted that Gibson was no longer depressed. Subsequently, Gibson's attorney referred her to Dr. F. Lamarr Heyrend, a psychiatrist, who examined Gibson on October 16, 2002. Dr. Heyrend diagnosed Gibson with PTSD and opined that her condition ought to be considered "physical" because it involved changes to structures deep within the brain.

SIF sought to have Gibson evaluated by an independent psychologist, Dr. Cynthia Brownsmith, pursuant to I.C. § 72-433. After unsuccessfully resisting the evaluation, Gibson was examined by Dr. Brownsmith on June 20, June 24, and July 11, 2003. Dr. Brownsmith concluded that Gibson suffered from chronic dysthymia, undifferentiated somatoform disorder and anxiety, but not PTSD. Dr. Brownsmith updated her diagnosis of Gibson on April 14, 2005. Dr. Heyrend administered an electroencephalogram on Gibson on March 31, 2005, which he claims confirms his diagnosis of PTSD. Gibson was also evaluated by Dr. Joseph Lipetzky, a clinical psychologist on April 29, 2004. Dr. Lipetzky concluded that Gibson did not suffer from PTSD.

SIF sought to have Gibson evaluated by neurologist Dr. Richard Wilson. Gibson objected to the evaluation and failed to appear for the examination despite an Order entered May

3

10, 2005, compelling her to do so. Dr. Wilson eventually examined Gibson on August 24, 2005, and concluded that Gibson did not suffer from PTSD.

The Commission conducted a hearing on September 12, 2005. Dr. Heyrend was unable to attend the hearing, and he therefore testified by post-hearing deposition on November 17, 2005. At Dr. Heyrend's November 17, 2005 deposition he provided a compilation of treatises, labeled as Exhibit 2, that were alleged to be consistent with his diagnosis. Counsel for Gibson attempted to admit Exhibit 2, but Respondents objected pursuant to the Commission's Judicial Rule of Practice and Procedure 10 because the exhibit had not been timely disclosed.

The Referee issued his Findings of Fact, Conclusions of Law, and Recommendation on March 16, 2007, recommending that the Commission deny Gibson's claim. The Referee also sustained Respondent's objection to Exhibit 2 of Dr. Heyrend's November 17, 2005 deposition. The Commission adopted the Referee's proposed findings of fact and conclusions of law as its own, by way of order, on March 16, 2007.

## II. STANDARD OF REVIEW

This Court exercises free review over the Commission's legal conclusions. *Kessler ex. Rel. Kessler v. Payette County*, 129 Idaho 855, 859, 934 P.2d 28, 32 (1997) (citing *O'Loughlin v. Circle A Constr.*, 112 Idaho 1048, 739 P.2d 347 (1987)). This Court "must liberally construe the provisions of the worker's compensation law in favor of the employee, in order to serve the humane purposes for which the law was promulgated." *Jensen v. City of Pocatello*, 135 Idaho 406, 413, 18 P.3d 211, 218 (2000) (citing *Murray-Donahue v. Nat'l Car Rental Licensee Ass'n.*, 127 Idaho 337, 340, 900 P.2d 1348, 1351 (1995)). However, this Court will not disturb the Commission's factual findings on appeal if the findings are supported by substantial and competent evidence. I.C. § 72-732; *Neihart v. Universal Joint Auto Parts, Inc.*, 141 Idaho 801, 803, 118 P.3d 133, 135 (2005). Substantial evidence is relevant evidence that a reasonable mind might accept to support a conclusion. *Page v. McCain Foods, Inc.*, 141 Idaho 342, 344, 109 P.3d 1084, 1086 (2005) (citing *Zapata v. J.R. Simplot Co.*, 132 Idaho 513, 515, 975 P.2d 1178, 1180 (1999)). When reviewing the Commission's decision, this Court must view all facts and inferences in the record in the light most favorable to the party who prevailed before the Commission. *Luttrell v. Clearwater County Sheriff's Office*, 140 Idaho 581, 583, 97 P.3d 448, 450 (2004).

4

### III. ANALYSIS

This is the fifth time this Court has considered a matter arising from Gibson's termination from her employment with Ada County. This Court first dealt with the matter in *Gibson v. Ada County*, 134 Idaho 710, 8 P.3d 1253 (1999), an unpublished decision. In *Gibson v. Ada County*, 138 Idaho 787, 69 P.3d 1048 (2003), this Court affirmed the district court's decision upholding Ada County's decision to deny Gibson access to documents generated by conflict counsel. In *Gibson v. Ada County*, 139 Idaho 5, 72 P.3d 845 (2003), this Court vacated and dismissed Gibson's case seeking judicial review of the decision by Ada County's personnel hearing officer to terminate Gibson from her employment. In *Gibson v. Ada County*, 142 Idaho 746, 133 P.3d 1211 (2006), this Court affirmed the district court's decision dismissing Gibson's civil rights complaint, denying Gibson's petition for judicial review of her termination, and granting Ada County's motion for summary judgment in an action to recover overpayments.

In this case, Gibson raises five issues on appeal. Gibson argues: (1) that her claim is not barred for lack of notice because Ada County had actual knowledge of her alleged accident or injury for purposes of I.C. § 72-704; (2) that Exhibit 2 of Dr. Heyrend's November 17, 2005 post-hearing deposition should not have been excluded; (3) that she suffered a compensable psychological injury pursuant to I.C. § 72-451; (4) that the Commission violated her rights under the Due Process Clause and the Equal Protection Clause of the 14th Amendment of the U.S. Constitution; and (5) that she is entitled to an award of attorney fees and costs on appeal. Respondents ask that this Court affirm the decision of the Commission and also request an award of attorney fees and costs on appeal. Because we conclude that Gibson's claim is barred for lack of notice, we decline to address Gibson's remaining arguments on appeal. We award Respondents costs and attorney fees on appeal.

**A. There is substantial and competent evidence supporting the Commission's finding that Gibson's claim is barred by a lack of notice.**

The Commission adopted the Referee's finding that Gibson failed to provide Ada County with timely written notice of her accident as required by I.C. § 72-701 and that Ada County did not have the knowledge required to apply I.C. § 72-604. Gibson argues that the Commission's finding that Ada County did not have actual knowledge of her injury or accident was not supported by substantial and competent evidence. We disagree.

An employee suffering a personal injury caused by an accident arising out of and in the course of any employment covered by the worker's compensation law is required to give written

notice of the accident to the employer. *Page*, 141 Idaho at 345, 109 P.3d at 1087. Idaho Code § 72-701 requires that the employer receive notice within 60 days of the accident. An absence of notice or delay in giving notice does not bar an employee from making a worker's compensation claim where the employer: (1) had actual knowledge of the injury or occupational disease, or (2) the employer is not prejudiced by the delay or lack of notice.[2] I.C. § 72-704. Whether an employer had actual knowledge of an injury or occupational disease is a question of fact. *Page*, 141 Idaho at 345, 109 P.3d at 1087. With regard to actual knowledge, the inquiry is whether an employer had "considerable knowledge" of an accident or injury. *Id.* (citing *Murray-Donahue*, 127 Idaho at 340, 900 P.2d at 1351).

In the instant case, Gibson does not dispute that she did not provide Ada County with timely written notice of her accident. Our inquiry thus turns to whether Ada County had considerable knowledge of Gibson's alleged accident or injury arising out of the interviews. I.C. § 72-704. An injury is "a personal injury caused by an accident arising out of and in the course of employment covered by the worker's compensation law." I.C. § 72-102(18)(a). Accident means "an unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs, and which can be reasonably located as to time when and place where it occurred, causing an injury." I.C. § 72-102(18)(b). Idaho Code § 72-102(18)(c) provides in pertinent part that: "'[i]njury' and 'personal injury' shall be construed to include only an injury caused by an accident, which results in violence to the physical structure of the body."

Gibson argues at length that representatives of Ada County had actual knowledge that she suffered a "psychological workplace injury." However, the pertinent inquiry is not whether Ada County had considerable knowledge that Gibson manifested psychological symptoms following the interviews, rather, the inquiry is whether Ada County had considerable knowledge that Gibson suffered violence to the physical structure of her body. The record indicates that up until the time that Gibson began treatment with Dr. Heyrend, Gibson consistently denied that she suffered any physical injury as a result of the interviews. Furthermore, counsel for Gibson acknowledged at oral argument before this Court that Ada County was only put on notice that Gibson suffered a mental disorder and that Ada County did not have notice of any physical component of a brain injury. Gibson did not advance her claim that the interviews caused

---

[2] On appeal, consistent with her position before the Commission, Gibson does not claim that Ada County was not prejudiced by the delay or lack of notice. Rather, she asserts that Ada County had actual notice of her claimed injury.

6

changes in certain deep structures of her brain until over two years after the interviews. Because Gibson denied suffering any physical injury for much of the instant litigation and the claim that she had suffered injuries to her brain was first raised much later, the Commission could reasonably conclude that Ada County did not have considerable knowledge that Gibson suffered a physical injury as a result of the interviews. We conclude that substantial and competent evidence supports the Commission's finding that Ada County did not have the knowledge required to excuse Gibson's failure to give proper notice of her claim for worker's compensation benefits. As this conclusion is dispositive of Gibson's appeal, we do not address Gibson's remaining claims of error.

### B. Respondents are entitled to attorney fees and costs on appeal.

Both parties request attorney fees on appeal. Gibson requests an award of attorney fees pursuant to I.C. §§ 12-117 and 72-804. Gibson is not the prevailing party on appeal and therefore is not entitled to an award of attorney fees and costs. *See Giltner, Inc. v. Idaho Dep't of Commerce & Labor*, 145 Idaho 415, 421, 179 P.3d 1071, 1077 (2008) (citing *Mercy Med. Ctr. v. Ada Co.*, 143 Idaho 899, 903, 155 P.3d 700, 704 (2007)) (pertaining to I.C. § 12-117); *Page*, 141 Idaho at 312, 109 P.3d at 275 (citing *Hoskins v. Circle A. Constr., Inc.*, 138 Idaho 336, 343, 63 P.3d 462, 469 (2003)) (pertaining to I.C. § 72-804).

Respondents request an award of attorney fees and costs pursuant to I.C. § 12-121 and I.A.R. 11.1. Idaho Appellate Rule 11.1 provides in pertinent part:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay or needless increase in the cost of litigation.

Although this opinion has not addressed the issues advanced by Gibson other than whether Ada County had substantial knowledge of an injury, we have carefully examined Gibson's remaining claims. Rather than devoting pages of dicta to these claims, we observe the following: (1) Gibson's claim of erroneous exclusion of the exhibit from Dr. Heyrend's deposition is without merit; (2) her physical-mental claim woefully failed to meet the requirements of I.C. § 72-451, perhaps most notably in that it was based upon an opinion that was not supported by objective evidence and was inconsistent with the recognized criteria for diagnosis of PTSD as set forth in

the DSM-IV-TR;[3] and (3) Gibson's claim that the Commission violated her constitutional rights is nothing more than a bald assertion, unsupported by legal authority or meaningful argument. In short, by this appeal, Gibson has done little more than ask this Court to reweigh the evidence presented to the Commission and, implicitly, to substitute our view of the evidence for that of the Commission. We conclude that the instant appeal was brought for an improper purpose and we award attorney fees to Respondents on appeal against Gibson's attorney, personally, pursuant to I.A.R. 11.1.

**IV. CONCLUSION**

We affirm the decision of the Commission and award Respondents attorney fees pursuant to I.A.R. 11.1.

Justices BURDICK, J. JONES, W. JONES, and Justice Pro Tem TROUT **CONCUR**.

---

[3] The DSM-IV-TR is the version of the American Psychiatric Association's diagnostic and statistics manual applicable to the instant case.