# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 37901

RANDY HOFFER,                                )
                                             )  **Boise, June 2011 Term**
    **Plaintiff-Appellant,**         )
                                             )  **2011 Opinion No. 82**
v.                                           )
                                             )  **Filed: July 11, 2011**
CITY OF BOISE,                               )
                                             )  **Stephen W. Kenyon, Clerk**
    **Defendant-Respondent.**        )
_____      )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Darla Williamson, District Judge.

The decision of the District Court is <u>affirmed</u>. No attorney fees are awarded. Costs are awarded to respondent.

Law Offices of Jacob Deaton, PLLC, Eagle, for appellant. Jacob Deaton argued.

Boise City Attorney, Boise, for respondent. Scott Muir argued.
_____

W. JONES, Justice

## I. NATURE OF THE CASE

Randy Hoffer challenges the district court's dismissal of three of his five tort claims against the City of Boise (the City). The district court dismissed Hoffer's claims of tortious interference with contract and defamation against the City because it held as a matter of law that under the Idaho Tort Claims Act (ITCA) and this Court's holding in *Sprague v. City of Burley*, 109 Idaho 656, 710 P.2d 566 (1985), a governmental entity cannot be held liable for the torts of its employees when a complainant alleges malice and/or criminal intent. We affirm the decision of the district court on the alternative ground that I.C. § 6-904(3) as a matter of law exempts government entities from liability for the intentional torts at issue here.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1

On appeal, Hoffer only challenges the district court's ruling on the City's motion to dismiss Hoffer's complaint for failure to state a claim upon which relief can be granted brought under I.R.C.P. 12(b)(6). Therefore, the facts are presented here as Hoffer alleged them in his complaint. Hoffer owned a trailer park located at 5631 West Overland Road in Boise, Idaho. On September 15 and 18, 2006, the City issued notices to Hoffer that required him to make electrical improvements to his trailer park because of fire safety concerns. When Hoffer failed to do so, the City, through its agents or employees, posted notices around the trailer park threatening to disconnect electrical service to the trailer park. Hoffer alleges that the City, through its agents or employees, made false statements to the *Idaho Statesman* newspaper regarding Hoffer's compliance with the City requirements. On November 3, 2006, the City terminated electrical service to the park.

Hoffer filed a complaint against the City, alleging (1) tortious interference with contract (for his lease contracts with his tenants); (2) tortious interference with contract (for his sale contracts with prospective buyers of the trailer park); (3) negligence; (4) intentional infliction of emotional distress; and (5) defamation. The City answered and subsequently brought a motion to dismiss the complaint, arguing that because Hoffer had alleged that the City employees acted with malice and/or criminal intent, under I.C. § 9-604(c) and *Sprague* the City could not be subject to liability. The district court granted the motion to dismiss with respect to the two tortious interference with contract counts as well as the defamation count, and denied the motion as to the other two counts.

The City filed a motion to reconsider that the district court treated as a motion for summary judgment on the remaining claims. The district court granted summary judgment on the remaining claims. Judgment was entered in favor of the City on June 12, 2009, and Hoffer's complaint was dismissed in its entirety with prejudice. Hoffer timely appealed from the judgment. The Court of Appeals affirmed the district court's decision in an unpublished opinion. Hoffer petitioned for, and was granted, review from this Court. Hoffer does not argue on appeal that the summary judgment was improperly granted, but rather limits his arguments to the claims dismissed by the grant of the motion to dismiss.

### III. ISSUE ON APPEAL

1. Whether the district court properly dismissed Hoffer's claims for tortious interference with contract and defamation under the ITCA.
2. Whether either party is entitled to attorney fees on appeal.

2

## IV. STANDARD OF REVIEW

"When a case comes before this Court on a petition for review from a Court of Appeals decision, serious consideration is given to the views of the Court of Appeals, but this Court reviews the decision of the lower court directly." *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010). "[A] district court's dismissal of a complaint under I.R.C.P. 12(b)(6) shall be reviewed de novo." *Taylor v. McNichols*, 149 Idaho 826, 832, 243 P.3d 642, 648 (2010). The Court on appeal must determine "whether the non-movant has alleged sufficient facts in support of his claim, which if true, would entitle him to relief." *Orrock v. Appleton*, 147 Idaho 613, 618, 213 P.3d 398, 403 (2009) (quoting *Rincover v. Dep't of Fin.*, 128 Idaho 653, 656, 917 P.2d 1293, 1296 (1996)). The Court must "draw[] all reasonable inferences in favor of the non-moving party." *Taylor v. Maile*, 142 Idaho 253, 257, 127 P.3d 156, 160 (2005) (citation omitted). "After drawing all inferences in favor of the non-moving party, the Court then examines whether a claim for relief has been stated." *Id.* The interpretation of a statute is a question of law subject to free review by this Court. *Kimbrough v. Idaho Bd. of Tax Appeals*, 150 Idaho 417, 420, 247 P.3d 644, 647 (2011).

## V. ANALYSIS

### A. We Affirm the District Court's Dismissal of Hoffer's Claims on the Alternative Basis that I.C. § 6-904(3) Exempts Governmental Entities From Liability for the Torts at Issue Here: Interference with Contract and Defamation.

The ITCA establishes that governmental entities are subject to liability for their own negligent or wrongful acts, and those of their employees who were acting within the course and scope of their employment. *Grant v. City of Twin Falls*, 120 Idaho 69, 76, 813 P.2d 880, 887 (1991) (citing I.C. § 6-903); *Doe v. Durtschi*, 110 Idaho 466, 471, 716 P.2d 1238, 1243 (1986). It states:

> Except as otherwise provided in this act, every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees acting within the course and scope of their employment or duties . . . where the governmental entity if a private person or entity would be liable for money damages under the laws of the state of Idaho.

I.C. § 6-903(a). However the ITCA also expressly exempts certain causes of action from the general rule that the entity is subject to liability. *Grant*, 120 Idaho at 76–77; 813 P.2d at 887–88. Relevant here is I.C. § 6-904(3). That section states:

3

> A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which . . . [a]rises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

The plain language of the first clause of that section exempts governmental entities from liability for the torts it lists, whether or not there has been an allegation of malice or criminal intent. *White v. Univ. of Idaho*, 118 Idaho 400, 400–01, 797 P.2d 108, 108–09 (1990).

In *White*, this Court affirmed the decision of the district court, which held that the University of Idaho as a governmental entity was immune as a matter of law under I.C. § 6-904(3) from liability for an alleged battery committed by its employee because "a governmental entity has no liability 'for any claim which . . . [a]rises out of . . . battery' committed by an employee." *Id.* at 400, 797 P.2d at 108 (quoting I.C. § 6-904(3)). The requirement that an employee have acted "within the course and scope of their employment" plainly applies to the act of the employee and not of the governmental entity. Therefore, the language "and without malice or criminal intent" that follows the statute's requirement that the employee have acted within the course and scope of employment, also by its plain language only applies to the employee. Thus, "[a] governmental entity . . . shall not be liable for any claim which arises out of . . . libel, slander . . . or interference with contract rights." I.C. § 6-903(3); *accord Intermountain Constr., Inc. v. City of Ammon*, 122 Idaho 931, 933, 841 P.2d 1082, 1084 (1992) (affirming the grant of summary judgment to the City of Ammon on a claim of misrepresentation against it because "[t]he plain language of § 6-904(3) excludes liability for misrepresentation, and appellant's own evidence has shown this is a case involving misrepresentation by an employee of a governmental entity.")

Although here the district court based its dismissal of Hoffer's claims on the holding of *Sprague v. City of Burley*,[1] we affirm the dismissal based on the alternative ground that the plain

---

[1] Hoffer argues that *Sprague* was erroneously decided and should be overruled by this Court. We decline to overrule *Sprague* because we believe that, similar to the district court's dismissal of Hoffer's claims here, *Sprague* reached the correct result in dismissing the claims for assault and battery, consistent with I.C. § 6-904(3). However, we agree with Hoffer's contention that *Sprague*'s reliance on I.C. § 6-903(c) to support its conclusion that "where a governmental employee acts with malice or criminal intent, the governmental entity for whom the employee works may not be held liable" was misguided. *Sprague*, 109 Idaho at 669, 710 P.2d at 579. While we agree that acts committed with malice and/or criminal intent are generally outside the scope of employment, § 6-903(c) does not provide immunity to the entity when the employee acts with malice and/or criminal intent. Rather, it concerns the entity's duties to the employee established in the subsection immediately preceding it, § 6-903(b), which requires the governmental entity to provide a defense for its employee and to pay its employee's judgment when the

4

language of I.C. § 6-904(3) exempts governmental entities from liability for tortious interference with contract rights and defamation. *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 382, 234 P.3d 699, 706 (2010) ("Where the lower court reaches the correct result by an erroneous theory, this Court will affirm the order on the correct theory." (quotation omitted)). Because Hoffer only appeals the dismissal of claims that are included within that section, and because he did not name any individual employee as a defendant, as a matter of law under I.C. § 6-904(3) he could not recover against the City. The district court was correct in dismissing those claims. If he had included an employee as a defendant, his claims against that employee alleging malice or criminal intent would have survived under I.C. § 6-904(3) because an employee is only immune from suit for those intentional torts if there is no allegation of malice and/or criminal intent. *See Miller v. Idaho State Patrol*, --- Idaho ---, 252 P.3d 1274, 1287 (2011).

Hoffer requests attorney fees on appeal under I.C. § 12-117. However, Hoffer is not the prevailing party in this appeal, and thus no fees are awarded to him. *Gibson v. Ada Cnty. Sheriff's Office*, 147 Idaho 491, 496, 211 P.3d 100, 105 (2009). The City requests attorney fees on appeal under the same section and also under I.C. § 6-918A. To be entitled to an award of fees under I.C. § 12-117, the prevailing party must show that "the nonprevailing party acted without a reasonable basis in fact or law." Idaho Code § 6-918A allows the court to award attorney fees in a tort action against a governmental entity if the party against whom the award is sought "is guilty of bad faith in the commencement, conduct, maintenance or defense of the action." The City has not shown that Hoffer acted without a reasonable basis in law or fact or that he acted in bad faith. Therefore, we decline to award fees to the City on appeal.

## VI. CONCLUSION

We affirm the district court's dismissal of Hoffer's claims for tortious interference with contract and defamation. Under I.C. § 6-904(3), a governmental entity is not liable for those torts. No attorney fees are awarded. Costs to the City.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON **CONCUR.**

---

employee has been sued for a tort he or she committed. Under § 6-903(c), if the employee has acted with malice or criminal intent, the entity may "refuse a defense or disavow and refuse to pay any judgment" for its employee. Section 6-903(c) does not speak to the entity's own liability.