**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38459**

| | | |
|---|---|---|
| TERRANCE MATTHEWS, | ) | 2011 Unpublished Opinion No. 690 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: November 9, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CITY OF BOISE and BOISE POLICE | ) | THIS IS AN UNPUBLISHED |
| DEPARTMENT, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Order granting summary judgment in favor of respondents, <u>affirmed</u>.

Terrance Matthews, Orofino, pro se appellant.

Cary B. Colaianni, Boise City Attorney; Scott B. Muir, Assistant Boise City Attorney, Boise, for respondents.

_____

MELANSON, Judge

Terrance Matthews appeals from the district court's order granting summary judgment in favor of the City of Boise and the Boise Police Department regarding his complaint for false arrest and false imprisonment. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Matthews was convicted of a crime and was eventually released on parole. Because of the nature of his crime, Matthews was required to take polygraph examinations as a condition of his parole. In 2007, Matthews took a polygraph examination which was administered by a Boise police officer. Matthews alleges that the officer told Matthews he passed the polygraph but that the officer later prepared a report of parole violation stating that Matthews had failed and that the polygraph demonstrated Matthews violated his parole. As a result of the parole violation report, Matthew's parole was revoked and Matthews was incarcerated.

1

Matthews filed a civil complaint against the City of Boise, the Boise Police Department, and an officer of the Boise Police Department under the Idaho Tort Claims Act, I.C. §§ 6-901 to 929 (ITCA), and 42 U.S.C.A. § 1983. Matthews alleged in his complaint that the officer's assertion that Matthews failed the polygraph led to his false arrest and imprisonment and that, as the officer's employers, the City of Boise and the Boise Police Department were also liable. The district court dismissed Matthews' complaint without prejudice pursuant to I.R.C.P. 40(c) because service was not accomplished within six months as required by I.R.C.P. 4(d)(5) and 12(b)(5).

In 2008, Matthews filed a second complaint against the same defendants alleging the same facts. The officer filed a motion to dismiss, arguing that the two-year statute of limitations set forth in I.C. § 6-911 barred Matthews' claim. The district court granted the motion to dismiss as to all defendants. Matthews then filed a I.R.C.P. 60(b)(6) motion to reinstate the action as to the City of Boise and the Boise Police Department (City). The district court granted the motion and the original complaint was reinstated as to the City. The district court then granted Matthews' motion for leave to amend his complaint. The City filed an I.R.C.P. 12(b)(6) motion to dismiss Matthews' amended complaint, arguing it failed to state a claim pursuant to I.R.C.P. 8(a)(1). The district court denied the City's motion, finding that the amended complaint was sufficient to state a tort claim under the ITCA and a 42 U.S.C.A. § 1983 claim. The City filed a motion to dismiss pursuant to I.R.C.P. 12(b)(5) and 4(b)(5), arguing Matthews did not properly serve the summons and complaint. The district court denied the City's second motion to dismiss, finding it voluntarily appeared by filing an answer to Matthews' complaint.

Matthews and the City then filed cross-motions for summary judgment pursuant to I.R.C.P. 56(c). During a hearing on the motions, Matthews stated that he was no longer pursuing a 42 U.S.C.A. § 1983 claim against the City, but was arguing only his tort claim under the ITCA. After hearing argument, the district court denied Matthews' motion for summary judgment and granted the City's motion. Matthews appeals.

## II.

## ANALYSIS

Matthews argues that the district court erred in finding that Matthews had not properly supported his motion for summary judgment with affidavits pursuant to I.R.C.P. 56(e).[1] Idaho Rule of Civil Procedure 56(e) provides that affidavits in support or opposition to a motion for summary judgment must be made on personal knowledge, contain facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Matthews submitted several documents in support of his Rule 56(e) motion, including a memorandum in which he asserted that the information he submitted was true and correct to the best of his belief. However, the memorandum was not signed, sworn, or notarized. Matthews' submissions did not comply with the requirements of I.R.C.P. 56(e). Unsworn statements, such as those Matthews raised in his motion and briefs, are insufficient to raise an issue of fact in response to a motion for summary judgment. *See e.g., Camp v. Jiminez*, 107 Idaho 878, 882, 693 P.2d 1080, 1084 (Ct. App. 1984). Therefore, we hold that the district court did not err in finding that Matthews had not properly supported his motion for summary judgment pursuant to I.R.C.P. 56(e).

Matthews also argues that the district court erred in granting the City's motion for summary judgment. We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514,

---

[1] Matthews makes several other arguments on appeal, including that the district court erred in allowing the City to file the motion for summary judgment, that the district court erred in failing to consider the City's lack of contradiction of Matthews' claims, and that the district court erred in allowing evidence of the officer's employment to be considered. Matthews does not support these assertions with either argument or authority. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Therefore, we will not address these arguments on appeal.

517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick*, 126 Idaho at 312, 882 P.2d at 479.

Here, the City argues that it was entitled to summary judgment on Matthews' tort claim because the City is immune from such claims pursuant to I.C. § 6-904(3). Idaho Code Section 6-904(3) provides:

4

> A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which:
>
> . . . .
>
> (3) Arises out of . . . false imprisonment, false arrest . . . .

In granting the City's motion for summary judgment, the district court relied on I.C. § 6-904(3). The district court reasoned that the City was not liable because Matthews had failed to demonstrate that the officer had acted with malice or criminal intent. We note, however, that the officer was no longer a party to the case. The plain language of the first clause of that section exempts *governmental entities* from liability for the torts it lists, whether or not there has been an allegation of malice or criminal intent. *Hoffer v. City of Boise*, 151 Idaho 400, 402, 257 P.3d 1226, 1228 (2011). Therefore, whether the officer acted maliciously or with criminal intent is irrelevant.

Although the district court based its dismissal of Matthews' claims on these grounds, we affirm the dismissal based on the alternative ground that the plain language of I.C. § 6–904(3) exempts governmental entities from liability for false imprisonment or false arrest. An appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990). Because Matthews only appeals the dismissal of his tort claims of false arrest and imprisonment, as a matter of law under I.C. § 6–904(3) Matthews could not recover against the City. Therefore, we hold that the district court did not err when it denied Matthews' motion for summary judgment and granted the City's motion for summary judgment.

Matthews requests attorney fees on appeal. However, Matthews is not the prevailing party in this appeal and, thus, no attorney fees are awarded to him. *See Gibson v. Ada Cnty. Sheriff's Office*, 147 Idaho 491, 496, 211 P.3d 100, 105 (2009). The City also requests attorney fees on appeal pursuant to I.C. §§ 12-117 and 6-918A. To be entitled to an award of fees under I.C. § 12–117, the prevailing party must show that "the nonprevailing party acted without a reasonable basis in fact or law." Idaho Code Section 6–918A allows the court to award attorney fees in a tort action against a governmental entity if the party against whom the award is sought "is guilty of bad faith in the commencement, conduct, maintenance or defense of the action." We note that *Hoffer* was decided after this appeal was filed. Under these circumstances, we decline to award attorney fees to the City on appeal.

### III.
### CONCLUSION

The district court did not err in finding that Matthews did not properly support his motion for summary judgment with affidavits pursuant to I.R.C.P. 56(e).  In addition, the district court did not err in granting the City's motion for summary judgment and dismissing Matthews' motion for summary judgment.  Accordingly, the dismissal of Matthews' complaint is affirmed. Costs, but not attorney fees, are awarded to the respondents on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**