**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37972**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, aka FANNIE MAE, a corporation created by the Congress of the United States, | ) ) ) ) ) | 2012 Unpublished Opinion No. 340 |
| Plaintiff-Respondent, | ) ) ) | Filed: January 31, 2012<br><br>Stephen W. Kenyon, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| DAVID B. ALLEN, an individual; and DOES I through X, unknown occupants of the property commonly known as 1596 E. Shingle Mille Road, Sandpoint, Bonner County, Idaho, | ) ) ) ) ) ) | |
| Defendants-Appellants. | ) ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Appeal from orders denying motion to set aside default judgment, dismissed in part and affirmed in part.

David B. Allen, Sandpoint, pro se appellant.

Brian R. Langford of Routh Crabtree Olsen, PS, Boise, for respondents.
_____

MELANSON, Judge

David B. Allen appeals from the district court's orders entered against him in a foreclosure action brought by Federal National Mortgage Association (Fannie Mae). We dismiss in part for lack of appellate jurisdiction and affirm in part.

**I.**

**FACTS AND PROCEDURE**

Following the conclusion of a nonjudicial foreclosure sale, Fannie Mae filed an action to evict Allen from the real property that was the subject of the sale. Allen filed a motion to dismiss the complaint pursuant to I.R.C.P. 12(b), but the motion was not addressed by the district

1

court. The district court entered a default judgment against Allen for failing to file an answer. The default judgment was set aside pursuant to the parties' stipulation. Subsequently, a hearing was held on Allen's motion to dismiss. At the hearing, Allen raised additional issues, including that the district judge lacked "standing" to hear the case because he was a visiting judge and that Fannie Mae's attorney lacked "standing" to argue before the court because he failed to properly file a notice of substitution of counsel prior to appearing. The district court denied Allen's motion to dismiss. The district court also admonished Allen to file an answer.

Allen failed to file an answer and the district court entered a second default judgment against him on April 7, 2010. Allen then filed a motion to set aside the default judgment pursuant to I.R.C.P. 60(b). On May 27, 2010, the district court denied Allen's motion to set aside the default judgment. Allen then filed a motion to vacate the district court's denial of his motion to set aside the default judgment. On July 23, 2010, the district court denied Allen's motion to vacate. Allen appeals.

## II.

## ANALYSIS

Allen makes numerous arguments on appeal, including: (1) the district court judge who ruled on his motion to dismiss did not have "standing" to preside over the case; (2) the attorney for Fannie Mae did not have "standing" to try the case because he did not properly file a notice of substitution of counsel; (3) Fannie Mae did not have "standing" to bring the action against Allen because it is not a real party in interest; and (4) his due process rights were violated because he was not provided proper notice of the foreclosure sale as required by statute. Allen raised these arguments in his motion to dismiss.

The district court's second default judgment was entered on April 7, 2010. Allen did not timely appeal from that judgment. Idaho Appellate Rule 14(a) provides that notice of appeal must be filed with the clerk of the district court within forty-two days from the filing of the final judgment or order from which the appeal was taken. This time limit is jurisdictional and a failure to comply "shall cause automatic dismissal of such appeal." I.A.R. 21. Thus, we must dismiss Allen's appeal insofar as it challenges the default judgment or any interlocutory orders

2

that preceded it[1] unless the time for appeal was tolled by Allen's April 14, 2010, motion to vacate the judgment pursuant to Idaho Rule of Civil Procedure 60(b). While I.A.R. 14(a) provides that the time for appeal from a civil judgment "is terminated by the filing of a timely motion which, if granted, could affect the findings of fact, conclusions of law or any judgment in the action," that rule also explicitly excepts motions brought under Rule 60 from this tolling provision. Therefore, Allen's motion for relief from the default judgment brought pursuant to Rule 60(b) did not extend the time for an appeal from the default judgment. Therefore, Allen's appeal is untimely with respect to the default judgment or any of the district court's orders that preceded that default judgment. Accordingly as to those matters, the appeal is dismissed for lack of appellate jurisdiction.

Allen also argues that the district court erred in denying his motion to set aside the default judgment pursuant to Rule 60(b). The district court's denial of Allen's motion to set aside the default judgment is an appealable order. I.A.R. 11(a)(7) (An appeal as a matter of right may be taken from "any order made after final judgment including an order denying a motion to set aside a default judgment."). The district court filed the order denying Allen's motion to set aside on May 27, 2010. Allen filed his notice of appeal on August 2, 2010. This was more than forty-two days from the filing date on the district court's order denying the motion. Therefore, Allen's appeal from his motion to set aside the default judgment was not timely and review of the district court's denial of Allen's motion to set aside the default judgment is precluded.

On July 2, 2010, Allen filed a motion to vacate the order denying his motion to set aside the default judgment. This motion was denied on July 23, 2010, and Allen's appeal is timely from that order. However, I.R.C.P. 11(a)(2)(B) provides that "there shall be no motion for reconsideration of an order of the trial court entered on any motion filed under Rule . . . 60(b)." Therefore, Allen's motion to vacate the order denying his motion to set aside the default judgment was an impermissible motion. For that reason, the district court's order denying Allen's motion to vacate the order denying his motion to set aside is affirmed.

Allen requests attorney fees on appeal pursuant to I.A.R. 41(d) for paralegal fees incurred in filing his appeal. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41

---

[1]    Idaho Appellate Rule 17(e)(1) provides that a notice of appeal from a judgment "shall be deemed to include, and present on appeal: (A) All interlocutory judgments and orders entered prior to the judgment."

3

to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). However, Allen is not the prevailing party in this appeal and no attorney fees are awarded to him. *See Gibson v. Ada Cnty. Sheriff's Office*, 147 Idaho 491, 496, 211 P.3d 100, 105 (2009). Fannie Mae also requests attorney fees on appeal pursuant to I.C. §§ 12-120 and 12-121. Allen's appeal was not timely as to most of the issues raised on appeal, and the timely portion of his appeal was from an order denying an impermissible motion. Therefore, we grant attorney fees to Fannie Mae on appeal.

## III.

## CONCLUSION

The appeal derived from the default judgment, orders that preceded the default judgment, and the district court's denial of Allen's motion to set aside the default judgment are dismissed because the appeal was untimely. The district court's order denying Allen's motion to vacate the order denying his motion to set aside the default judgment is affirmed. Costs and attorney fees are awarded to respondent Fannie Mae on appeal.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**